## EMILY v. HARDING.

PLEADING. —*Action to Recover Possession of Real Property.* — *Answer.*— *Cross Complaint.*—Where, to a complaint for the recovery of the possession of real estate, there is an answer of general denial, there can be no error in striking out or sustaining a demurrer to another paragraph of answer alleging only matter of defence, every defence, whether legal or equitable, being admissible in evidence under such denial; but the specific performance of a parol contract for the sale and conveyance of said real estate, made between the plaintiff's grantor, he being the owner thereof, and the defendant, and partly performed by said grantor's putting the defendant in possession of the real estate, the making of valuable and lasting improvements thereon by the defendant, and his performance of the consideration, the plaintiff, with knowledge of said contract, having afterwards received his deed of conveyance of said real estate from said grantor, cannot be obtained, and the defendant's title cannot be quieted, under such answer of denial; but such affirmative relief may be granted under a special answer and cross complaint alleging such facts, and proof thereof.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager*, for appellant.

*W. A. Porter*, for appellee.

DOWNEY, C. J. —This was an action by the appellee against the appellant and another, who declines to join in the appeal, to recover the possession of real estate.

The defendant Mahala Emily pleaded, as a third paragraph of answer and cross complaint, the following facts: that heretofore one Elizabeth Fleshman was the owner in fee simple and in possession of the real estate, and by a parol contract sold the same to the defendant Mahala Emily, and, in pursuance of said sale, and as a part performance thereof, put the defendant in possession thereof, and agreed to convey the title to her; that the consideration for said real estate was work and labor and valuable services, rendered by defendant to said Elizabeth, at her special instance and request; that defendant has fully paid the purchase-price for said land to said Elizabeth, by fully performing the services and work and labor, as agreed to be performed; that, relying upon said contract, she, with the full knowledge of said

Elizabeth, and without objection from her, made valuable and lasting improvements on said real estate, by the building of a dwelling-house, stable and other out-buildings thereon, the clearing and fencing of a large portion thereof, and the planting, cultivating and raising of six hundred valuable fruit trees, with small fruit, etc., of the aggregate value of seven hundred and fifty dollars; that the defendant has fully performed her part of said contract; and that said Elizabeth has failed to convey the legal title to said real estate to this defendant; but, on the contrary, in February, 1873, she pretended to convey the same, by legal title, to said plaintiff, who, having full knowledge of said contract aforementioned, received said pretended deed of conveyance. Wherefore, by reason of the matters alleged, the defendant prays the court to decree the specific performance of said contract, and that the defendant's title be quieted.

A demurrer was filed by the plaintiff to this paragraph of the answer and cross complaint, and sustained by the court.

The first paragraph of the answer was a general denial. The second and fourth set up, specially, matters of defence. A motion to strike out the second and a demurrer to the fourth were sustained.

Error is assigned on these rulings of the court, and on the refusal to grant a new trial.

We think the court committed no error in striking out the second, and sustaining the demurrer to the fourth, paragraph of the answer. The matters pleaded in these paragraphs were admissible under the general denial. 2 G. & H. 283, sec. 596. But, in sustaining the demurrer to the third paragraph, we think the court committed an error. The affirmative relief sought in that paragraph could not have been granted under the issue formed by the general denial. We think the paragraph sufficient.

For this error we must reverse the judgment, and need not examine the alleged error in refusing to grant a new trial.

The judgment is reversed, with costs, and the cause

remanded, with instructions to overrule the demurrer to the third paragraph of the answer and cross complaint, and for further proceedings.