No. 8973.

## HARDING ET AL. *v.* ELZEY ET AL.

WITNESSES.—*Competency of Parties.—Action to Recover Real Estate.—Heirs.—Statute Construed.*—In a suit to recover lands, the plaintiffs were the widow and heirs of H., claiming by descent from him, and that he took title by conveyance from F. The defendant claimed by virtue of a prior contract of purchase from F.

*Held,* that the defendant was, under the statute, R. S. 1881, section 499, a competent witness in her own behalf.

From the Harrison Circuit Court.

*W. T. Jones, S. J. Wright, W. A. Porter* and *L. Jordan,* for appellants.

*B. P. Douglass* and *S. M. Stockslager,* for appellees.

FRANKLIN, C.—This action was commenced in August, 1873, by James R. Harding against Isaac Emily and Mahala A. Emily, his wife, for the possession of certain real estate. Afterwards James R. Harding died; the appellants are his widow and heirs; and Mahala A. Emily was divorced from Isaac Emily, and intermarried with Calvin Elzey. There was a trial of the cause, which resulted in a judgment in the court below for the deceased in his lifetime. The case was appealed to this court, and the judgment was reversed. *Emily* v. *Harding,* 53 Ind. 102. It was reversed upon the ground that the cross complaint of Mahala A. stated facts sufficient to constitute a good cause of action, and that it was error to sustain the demurrer to it. There was a second trial before the court upon the complaint and denial, and the cross complaint of Mahala A. and the denial thereto. The court found for the said defendant on her cross complaint, and, over a motion for a new trial, judgment was rendered upon the finding. The errors assigned in this court are:

1st. The finding and judgment is contrary to law.

2d. The finding and judgment is not sustained by the evidence.

VOL. 88.—21

3d. Error in permitting Mahala A. Elzey to testify in her own behalf.

4th. Overruling the motion for a new trial.

The first three specifications are not proper assignments of error, but they are all embraced in the fourth, the overruling of the motion for a new trial. Upon the motion for a new trial but two questions have been insisted upon and discussed by appellants' counsel, and they are: Did the court err in admitting the testimony of Mahala A. in her own behalf? and did the evidence sustain the finding of the court?

Both parties claim title under one Elizabeth Fleshman; the plaintiffs, by virtue of a deed made to James R. Harding, their ancestor, in February, 1873; and the defendant Mahala A., by virtue of a parol contract made in 1861, which contract she claims was fully performed and taken out of the statute of frauds, and that the plaintiffs' ancestor at the time he received said deed had full notice and knowledge of all the facts set forth in her cross complaint.

The second section of the act of 1867, in relation to the competency of witnesses (2 R. S. 1876, p. 135; see sec. 499, R. S. 1881), contains a clause in the second proviso, that "in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in any other way, neither party shall be allowed to testify as a witness as to any matter which occurred prior to the death of such ancestor, unless required by the opposite party or by the court trying the cause."

Appellants have referred us to the case of *Malady* v. *Mc-Enary,* 30 Ind. 273, p. 278, for the proper construction of this statute. That was a case in which a stepchild sued the stepfather, to enforce a trust in favor of the deceased step-mother, and the court held that the stepfather was not a competent witness in his own behalf. The following language is used in the opinion in the case: "The evident intent was,

in suits by or against heirs, to exclude the testimony of the parties to the action as to any matter which occurred prior to the death of the ancestor, so as to prevent the living from testifying against the representative of the dead. Death having sealed the lips of one, the law seals the lips of the other. It may be that the language of the proviso is not broad enough to carry out this legislative intent, but we think it at least covers the present case. The language is not 'founded on a demand against the ancestor arising on contract,' but is, 'founded on a contract with, or demand against, the ancestor.' If the plaintiff sues as heir, on a contract with the plaintiff's ancestor, then the parties are excluded as witnesses by the letter of the proviso."

In speaking of the intention of the Legislature to exclude the testimony of the " parties to the action," the court evidently meant the " parties to the contract," or their representatives. In the case at bar the defendant's claim to the land, as set forth in her cross complaint, does not arise out of, is not based upon, or in any way connected with, any contract made with the plaintiffs' ancestor, and does not come within the letter or spirit of the proviso of the statute. She claims under a contract made with a third party, and who, for aught that appears, is still living, and a competent witness. Appellee did not testify as to any " contract made with or demand against" appellants' ancestor, and in this case the opening of the lips of the appellee was not taking any advantage of the sealed lips of appellants' ancestor, for he, " though dead, yet speaketh." His deposition was read upon the trial, and appellants had the benefit of his testimony, the same as if he had still been living.

There was no error in permitting appellee to testify in relation to the contract under which she claimed the land. In relation to the sufficiency of the evidence to sustain the finding, there was other testimony besides that of Mahala A. tending to support the finding, and, with her testimony, the evi-

dence clearly tended to sustain the finding of the court. In such cases this court will not reverse a judgment upon the evidence. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.