East *v.* Peden.

No. 12,760.

## EAST *v.* PEDEN.

REAL ESTATE.—*Action to Recover.—General Denial.—Equitable Defence.—Evidence.*—In actions to recover possession of real estate, any facts which show that, according to the principles of equity, as applied by courts of chancery, the plaintiff ought not to recover, may be given in evidence under a statutory general denial.

SAME.—*Equitable Defence Defined.*—Any state of facts which will entitle the defendant to the reformation of an instrument, or which would, under the former practice, if set up in a bill for that purpose, invoke the aid of a court of chancery for relief against the claim or title put forward by the plaintiff, is an equitable defence.

SAME.—*Equitable Title in Third Person.—Privity. —Deed.—Description.—Mistake.*—In an action to recover possession of real estate, the defendant can not defeat a recovery by showing that a third person, with whom he is not in privity, is the equitable owner of the land in controversy through a deed previously made by the plaintiff, by which it was intended to convey the same to him, but which, by mistake, did not describe the land, and under which the defendant asserts no claim.

SAME.—*When Equity in Third Person is an Available Defence.*—The outstanding equity in a third person which is available to a defendant in possession, without title, against a legal title in the plaintiff, must be such an equity as the defendant would have the right, by making proper parties, to invoke the aid of a court of chancery to enforce in his favor.

From the Sullivan Circuit Court.

*A. G. Cavins, E. H. C. Cavins, W. L. Cavins, J. T. Hays* and *H. J. Hays,* for appellant.

*D. E. Beem* and *W. Hickam,* for appellee.

MITCHELL, J.—The questions presented for decision in this case arise upon the following facts: On the 1st day of April, 1855, Thomas Shepherd died intestate, seized of certain real estate in Greene county, leaving as his only heirs, his widow, Rebecca Shepherd, and Lealdus Shepherd, a son. The widow and son inherited the land in equal shares as tenants in common. On the 24th day of August, 1857, while yet the widow of her deceased husband, Rebecca Shepherd made a conveyance by which she intended to convey to Eli Adams her interest in the real estate which she inherited from her husband,

but which conveyance, through an alleged mistake in the description, did not embrace any of the lands in controversy. This deed recites that it was made upon a consideration of two hundred dollars. It was duly recorded.

On August 30th, 1857, six days after the deed was made, Rebecca Shepherd intermarried with John East, and, remaining in possession meanwhile, on the 19th day of January, 1865, during her second marriage, she and her husband joined in a quitclaim deed for her interest in the land, to Hughes East, who in the same year conveyed to the appellee. From that time forth the appellee has been in possession.

Treating the conveyance made during her second marriage as void, within the prohibition of the statute concerning the alienation of real estate, held in virtue of a previous marriage, during a second or subsequent marriage, Rebecca East commenced this suit against the appellee in the Greene Circuit Court to recover possession of the undivided one-half of certain described lands.

The complaint was in the usual form for the recovery of real estate, and the issue was made by an answer of general denial.

That the appellee took no title through the deed made to Hughes East, during the appellant's second marriage, is conceded on all hands. He had judgment below, nevertheless, upon the theory that it was competent for him to show title out of the plaintiff, by proving that Adams was the equitable owner of the land in controversy through the deed made in 1857, by which it was claimed the appellant intended to convey her interest to him, notwithstanding the land in dispute was not described in that deed.

By exceptions to the admission of evidence, and otherwise, the questions presented for decision may be comprehended under the following propositions:

1. Admitting the validity of the defence upon which the appellee prevailed in the court below, was it competent to

make such defence under the general denial, without an answer, or other pleading asking affirmative relief?

2. The appellee being in no wise in privity with, and having asserted no claim under the deed to Adams, in which the alleged misdescription was found, was he in a situation to show the mistake, and avail himself of that deed as a defence, by any method of pleading which he might have resorted to.

Respecting pleadings in actions for the recovery of possession of real property, section 1055, R. S. 1881, enacts that "The answer of the defendant may contain a denial of each material statement or allegation in the complaint; under which denial, the defendant shall be permitted to give in evidence every defence to the action that he may have, either legal or equitable."

As to what constitutes an equitable defence, the better view, and that supported by the weight of authority, seems to be that any state of facts which would entitle the defendant, in a proper case, to the reformation of an instrument, or which would, under the former practice, if set up in a bill for that purpose, invoke the aid of a court of chancery for relief against the claim or title put forward by the plaintiff, would be a defence coming within that definition.

In cases where it is necessary to plead an equitable defence, in order to make it available, such defence may be pleaded to bar the plaintiff's right of recovery, without asking affirmative relief; while in actions, such as this, governed by section 1055, above set out, equitable defences are available under the general denial.

Under a statutory denial, any facts which show that according to the principles of equity, as applied by courts of chancery, the plaintiff ought not to recover possession of the land in controversy, may be given in evidence to defeat a recovery. Sedgwick & Wait Trial of Title to Land, secs. 477–488; Pomeroy Rem. and Remedial Rights, secs. 90, 91, and notes; *Hoppough* v. *Struble*, 60 N. Y. 430; *Cavalli* v. *Allen*, 57 N. Y. 508; *West* v. *West*, 89 Ind. 529; *Schenck* v. *Kelley*,

88 Ind. 444; *Berlin* v. *Oglesbee,* 65 Ind. 308; *Steeple* v. *Downing,* 60 Ind. 478; *Hogg* v. *Link,* 90 Ind. 346.

There are cases which seem to lend some support to the view contended for by the appellant, to the effect that an equitable defence predicated on a mistake in a written instrument, and other defences of a like character, can only be made available as such by an answer or pleading in which affirmative relief is prayed for. *Conger* v. *Parker,* 29 Ind. 380; *King* v. *Enterprise Ins. Co.,* 45 Ind. 43, 59.

These cases, while bearing some analogy in principle, are not entirely applicable to the case under consideration. Moreover, it may be doubted whether the construction which was given the statute authorizing equitable defences, in the cases cited, was not too strict to subserve the purposes of the code.

Affirmative relief is attainable by a defendant in all proper cases, and, when desired, it can only be afforded through the medium of an answer or other pleading in the nature of a cross complaint, in which such relief is prayed for. *Crecelius* v. *Mann,* 84 Ind. 147; *Emily* v. *Harding,* 53 Ind. 102. But a defendant is not compelled to become an actor, and ask affirmative relief by way of counter-claim. He may rely upon the facts, as an equitable defence, to defeat his adversary's claim.

In respect to the first inquiry, we may say, if the facts upon which the appellee relied had been otherwise available as a defence, they were properly admitted under the general denial.

In respect to the second inquiry, counsel for appellee build an ingenious argument in support of the ruling of the court below in admitting evidence to show a mistake in the deed from the appellant to Adams, upon the ancient common law rule, now embodied in section 1057 of the code, which requires the plaintiff in ejectment to recover on the strength of his own title, and not upon the want of title in the defendant. That the plaintiff in such an action must, as a gen-

eral rule, show a legal title with a present right of possession, paramount to the title of the defendant, and that the latter may avail himself of any imperfection in the title of the former, or that he may, unless estopped, defeat the action by proving a subsisting outstanding title in a third person with which the defendant is not connected, are well settled and often reiterated general principles.

These principles, however, all come short of the real emergency in the appellee's situation. No outstanding legal title having been made to appear, the question is, can he avail himself of an alleged outstanding equity in favor of an indifferent stranger with whom he stands in no sort of legal privity? The outstanding equity in a third person, which will afford shelter for a defendant in possession, without title, against a legal title in the plaintiff, must be such an equity as the defendant would have the right, by making proper parties, to invoke the aid of a court of chancery to enforce in his favor. Unless he is so far connected with the equitable right of a third person, the defendant must leave the parties, between whom the legal and equitable titles subsist, to adjust their rights between themselves.

The doctrine which the authorities support is, that an outstanding title with which the defendant is not connected, and through which he makes no claim, must, in order to be available to protect his possession, appear to be a present subsisting, operative legal title, upon which the owner could sue and recover. *Bennett* v. *Horr*, 47 Mich. 221; *Shields* v. *Hunt*, 45 Texas, 424; *McDonald* v. *Schneider*, 27 Mo. 405; Sedgwick & Wait Trial of Title to Land, section 831; Tyler Eject., p. 72.

So far as appears, Adams never set up any claim to the land in controversy under the deed in which the appellee was permitted to show a mistaken description. The grantee in that deed remained for more than twenty years, and still continues, satisfied with the description as it is. Since the appellee claims no right through the deed in question, he is in

no position to assert a mistake, and seek a correction, of the ·deed, so long as the parties to the instrument are content with the description therein written.

In all cases of mistakes in written instruments, courts of .equity will interpose their aid between the original parties, or those claiming under them in privity, but on behalf of persons not thus connected, courts of chancery do not lend their aid. · *White* v. *Wilson*, 6 Blackf. 448 (39 Am. Dec. 437); *Sample* v. *Rowe*, 24 Ind. 208; *Morris* v. *Stern*, 80 Ind. 227.

The judgment is reversed with costs, with directions to the court below to sustain the motion for a new trial.

Filed Oct. 27, 1886.