No. 12,699.

### JARBOE *v.* SEVERIN ET AL.

TRIAL.—*By Court.*—*Jury.*—*Waiver of Objection.*—*Practice.*—Where a party. does not ask for a trial by jury, nor object to a trial of the cause by the court, with a jury as advisory merely, it is too late to object on appeal to the mode of trial.

JUDGMENT.—*Former Adjudication.*—*Estoppel.*—A judgment in a former action between the same parties is conclusive, and bars a subsequent. action, if the same facts were presented for adjudication and an opportunity afforded to litigate the entire subject-matter.

From the Clay Circuit Court.

*S. W. Curtis,* for appellant.

*G. A. Knight* and *C. H. Knight,* for appellees.

MITCHELL, C. J.—Waiving some questions of minor importance, involving the completeness of a bill of exceptions, which purports to contain all the evidence given at the trial, there remain for consideration questions relating to the effect of a former adjudication which was pleaded, and whether or not the finding of the court is supported by the evidence in the record. The complaint was not substantially different from that considered when the case was here on a former appeal. *Jarboe* v. *Severin,* 85 Ind. 496.

It is only necessary to say, in this connection, that the action was brought to recover the value of the appellant's inchoate interest in certain real estate, which is alleged to have been conveyed by Mrs. Jarboe and her husband to Severin, Ostermeyer & Co., by a deed of trust, on the 16th day of March, 1876, and to enforce a vendor's lien therefor. Among other defences, the appellees pleaded a former adjudication of the matters involved in the complaint, and that there was no consideration for the agreement relied on.

Briefly stated, the facts are that William Jarboe, the appellant's husband, had become largely indebted to the appellees, who were partners doing business under the firm name

of Severin, Ostermeyer & Co. This indebtedness was secured by several mortgages, in the execution of which Mrs. Jarboe had joined, upon separate parcels of real estate owned by her husband. Not wishing to incur the expense of foreclosure proceedings, an agreement was made between the mortgagor and mortgagees, in pursuance of which all the real estate mortgaged, except lot 17, in one of the additions to the town of Brazil, was conveyed to the mortgagees in trust, to be sold at certain specified prices. The mortgagees were to execute conveyances to purchasers, and apply the proceeds to the liquidation and discharge of the mortgage debt. There was a stipulation in the deed to the effect that the existing securities should in no wise be impaired or invalidated by the trust. Failing to sell any of the property, the mortgagees foreclosed their mortgages in the May term, 1877, of the Clay Circuit Court. Jarboe and wife were made parties to the proceedings and decree, which included with the other mortgaged property lot 17, above mentioned. The mortgaged premises were subsequently sold by the sheriff of Clay county, in pursuance of the above mentioned decree, Severin, Ostermeyer & Co. becoming the purchasers, and receiving a sheriff's deed therefor in due course of time. Jarboe and wife surrendered possession of all the lands embraced in the decree and sale, except lot 17, which they were occupying as a residence, and which they refused to surrender. Thereupon, at the January term, 1879, of the Clay Circuit Court, a suit in ejectment was brought by the appellees against William Jarboe.

Mrs. Jarboe was subsequently admitted, upon her own application, as a party defendant to that action. Having been thus admitted, she filed a cross-bill, in which she set up, in substance, that prior to the execution of the trust deed the appellees orally agreed with her, in consideration that she would join her husband in the deed of trust hereinabove mentioned, and thereby release her inchoate interest in all the lands covered by the several mortgages, except lot 17,

they would foreclose the mortgages upon the whole and afterwards convey to her lot 17 above described. She alleged that she had fully performed the agreement on her part, and that the appellees' purchase and holding of lot 17 was, therefore, in trust for her. She prayed that the appellees might be decreed to convey the lot to her, or if the court should find that she was not entitled to that relief, she prayed for judgment against the appellees for $2,000, the alleged value of the property which they refused to convey.

Issues were made upon the cross-complaint, and upon the trial there was a finding and judgment against the cross-complainant.

Upon the application of William Jarboe a new trial was granted as a matter of right. At a subsequent term of the court judgment was again rendered against the cross-complainant, she having refused to reply to the amended answers which were filed to her cross-complaint.

Some objection is taken here that the case now before the court was tried below without a jury, as a chancery cause, the court having required the jury to respond to certain questions of fact for its information merely.

Although the suit was in one aspect an action to recover the value of property, the complainant asked as relief that the amount of her recovery should be declared an equitable lien against lot 17. It was, therefore, properly triable as an equity case. But whether it was or not, the appellant did not ask to have the case tried by a jury, nor was there any objection to the trial by the court, with a jury as advisory merely. This being so, it is too late now to question the correctness of the mode of trial which was pursued by the court with the assent of all the parties. *Ikerd* v. *Beavers*, 106 Ind. 483; *Farmers' Bank, etc.*, v. *Butterfield*, 100 Ind. 229.

Upon the facts stated and the issues as tendered by the appellant in her cross-complaint in the ejectment suit, there can

be no doubt but that she had the right to litigate the entire subject-matter embraced in her complaint in this action. She presented by way of cross-action in that case the same facts, in substance, as are put forward in her complaint in this case. Her cross-complaint in the ejectment suit could only have been held good upon the theory that the facts therein stated entitled her to recover the value of her inchoate interest in the property conveyed, or the value of the property which she alleged the appellees had agreed to convey to her as a consideration for the release of her inchoate interest in the property of her husband. She prayed as alternative relief that a judgment of $2,000 should be awarded her on that account. Since the agreement relied on was plainly within the statute, the cross-complaint was only good as a complaint for damages. *Cincinnati, etc., R. R. Co.* v. *Washburn,* 25 Ind. 259 ; *Colson* v. *Smith,* 9 Ind. 8.

Having been made a party upon her own application, and having presented for adjudication the same matters as are now presented, and a judgment having been pronounced thereon between the same parties, the matter was not open for further litigation while that judgment remained in force. *Indiana, etc., R. W. Co.* v. *Koons,* 105 Ind. 507, and cases cited. The same evidence which would have sustained a recovery on the cross-complaint would have entitled the plaintiff to recover in this case, and *vice versa.* *Brown* v. *Cain,* 79 Ind. 93.

That the judgment on the cross-complaint was finally rendered on account of the refusal of the cross-complainant to reply to the answers, does not render it any the less conclusive. *Wilson* v. *Ray,* 24 Ind. 156 ; *State, ex rel.,* v. *Krug,* 94 Ind. 366.

Having been afforded ample opportunity to litigate the entire subject-matter, in a case in which she presented all the facts for adjudication, the appellant is to be treated as though they were in fact litigated. *Bundy* v. *Cunningham,* 107 Ind. 360 ; *Baker* v. *State, ex rel.,* 109 Ind. 47.

Without regard to the question of former adjudication,

there was other evidence upon which the finding of the court may have been predicated.

There was no error. The judgment is affirmed, with costs.

Filed Dec. 20, 1887.