## No. 15,310.

## DAVIS ET AL. *v.* BARTON ET 'AL.

**JUDGMENT.**—*Default.—Foreclosure of Mortgage.—Purchaser of Tax Title.—Beneficiaries of Purchaser.—How Affected by.—Decree of Foreclosure.—Quieting Title.*—A suit was instituted to foreclose a mortgage, and a party was made defendant to the suit who held a lien against the mortgaged premises which was junior and subject to the mortgage. After he was served with process, and during the pendency of the foreclosure proceeding, he purchased the mortgaged property at a tax sale, taking the certificate of purchase in his own name. The purchase was in fact made with the money of third parties and for their use and benefit, but without any fraudulent intent between the purchaser and the beneficiaries. A judgment by default was entered against said defendant in the foreclosure proceeding.

*Held,* that if said defendant had purchased the tax title in his own right, the lien would have been barred by the decree of foreclosure.

*Held,* also, that the beneficiaries of such purchaser do not occupy any better position than the original purchaser.

*Held,* also, that it was not necessary that the purchaser of the tax title should have been sued as a trustee in order to bind the beneficiaries, there being nothing to indicate that such a relation existed.

*Held,* also, that the appellee, or the mortgagees under whom he claims title, was not required to pay or to offer to pay the taxes on the land for which it was sold, in order to have the title to the land quieted.

From the Marion Superior Court.

*S. Claypool* and *W. A. Ketcham,* for appellants.

*J. Buchanan,* for appellees.

MILLER, J.—This was an action brought by the appellee Barton to quiet his title to a tract of real estate. A judgment was rendered in his favor, holding that he was the owner of the property, but that the appellants held a lien against the same on account of a sale for taxes. The cause was appealed to this court, and the judgment in favor of the lien for taxes reversed. *Barton v. Anderson,* 104 Ind. 578.

The cause was tried a second time, and at the request of the parties a special finding of the facts, with the conclusions of law thereon, was made by the court.

A synopsis of so much of the special finding as we think necessary to present the questions of law involved is as follows :

In 1873 this land was mortgaged by the then owners to secure a loan of money.  On the 5th day of August, 1876, the mortgagees instituted proceedings to foreclose the mortgage in the circuit court of the United States for the District of Indiana, making Daniel W. Grubbs, among others, a defendant.  The charge against Grubbs, in the bill of foreclosure, was that he claimed to have some liens upon or interest in the premises, but that such interest or liens, if any, were junior and subject to the lien of the mortgage.  On the 11th day of August, 1876, Grubbs was duly served with process to appear in said court on the first Monday of the following September.  At the time of the filing of the bill the only interest Grubbs had in the premises was a lien against the same, which was junior and subject to the mortgage ; but after he was served with process, and during the pendency of the suit in foreclosure, he purchased the property at a tax sale, taking the certificate of purchase in his own name ; that in fact this purchase was made with the money of the appellants, who were partners under the name of " The Indiana Banking Company," and for their use and benefit, in virtue of an oral agreement made, without any fraudulent intent, between him and the appellants.  Shortly after this purchase a judgment by default was entered against Grubbs in the suit for foreclosure, and a decree rendered, by which his equity of redemption in or to the mortgaged premises was barred and foreclosed.  In pursuance of the decree of foreclosure, the property was sold to one of the mortgagees, and afterwards the certificate of purchase issued to him was sold and assigned to the appellee Barton, and on the 10th day of July, 1879, a deed for the premises was made to him.  In February, 1879, a tax deed was made to Grubbs, in his own name, and in April, 1879, he conveyed the premises to the appellants, and they caused the deed to be recorded on April 23d, 1879.  No

portion of the amount paid for the purchase of the property at tax sale has been paid to Grubbs, or to the appellants, nor has any demand been made of the appellee, or those under whom he claims, for such payment; that the appellee had no knowledge or information of the fact that Grubbs was acting for the appellants in the purchase of the property at tax sale until that fact was disclosed in their cross-complaint in this action.

The court found as a conclusion of law that the decree in the foreclosure suit did not bar the rights of the appellants as beneficiaries to enforce their tax lien acquired by said Grubbs subsequent to the commencement of that suit, and prior to the rendition of the decree.

On appeal to the general term of the superior court the judgment was reversed, and the court in special term was directed to restate its conclusions of law, and to find for the plaintiff Barton, quieting his title.

From this judgment this appeal is taken.

Inasmuch as all defences may be given in evidence in actions to quiet title, under the general denial to the complaint and the cross-complaint, the questions presented by the ruling of the court, upon its conclusions of law, are not complicated by the forms of the pleadings. *Graham* v. *Graham*, 55 Ind. 23; *Sharpe* v. *Dillman*, 77 Ind. 280; *O'Donahue* v. *Creager*, 117 Ind. 372.

The questions involved may conveniently be discussed under two heads:

1st. Treating Grubbs as a purchaser at the tax sale in his own right, was the interest in the land acquired by that purchase, after he was served with process, but prior to the rendition of the decree of foreclosure, barred by that decree?

2d. Do the appellants, as the beneficiaries of such purchase, occupy any better position than Grubbs would have done if he had made the purchase in his own right?

When Grubbs was made a party to the action of fore-

closure, to answer to his interest in the premises, he was called upon to assert his claims, if any, to the property, and if he failed to assert all his claims, he was, nevertheless, barred by the decree.

The purpose of making all persons having, or claiming, an interest in mortgaged property parties to the action is to settle, in one comprehensive action, all conflicting claims. *De Haven* v. *Musselman*, 123 Ind. 62; *Gaylord* v. *City of Lafayette*, 115 Ind. 423; *Craighead* v. *Dalton*, 105 Ind. 72; *Woodworth* v. *Zimmerman*, 92 Ind. 349; *Masters* v. *Templeton*, 92 Ind. 447; *Bundy* v. *Cunningham*, 107 Ind. 360; *Adair* v. *Mergentheim*, 114 Ind. 303; *Green* v. *Glynn*, 71 Ind. 336.

The purchase of property, pending a suit to foreclose a mortgage on the same, is bound by the decree subsequently rendered. *Randall* v. *Lower*, 98 Ind. 255; *Boice* v. *Michigan Mutual Life Ins. Co.*, 114 Ind. 480; *Stout* v. *Lye*, 103 U. S. 66; *Eyster* v. *Gaff*, 91 U. S. 521.

A case very much in point is *Christy* v. *Spring Valley Water-Works*, 68 Cal. 73, where, pending a suit in partition, the defendant acquired, after answering, but before decree, an independent title by deed. It was held that it was the duty of the defendant to disclose such adverse after-acquired title, and that, failing to do so, the judgment of the court establishing the title was conclusive on all the parties as to title or claim held by them at the time the interlocutory decree was entered.

We are, therefore, of the opinion that, treating Grubbs as a purchaser of the tax title in his own right, such lien would have been barred by the decree of foreclosure.

The question then is, do the appellants occupy any better position?

On the former appeal of this case, after holding that there was no evidence that Grubbs purchased the land for the use and benefit of the present appellants, the court says:

" Whether, conceding the fact that Grubbs did so purchase

the land for the banking company, the latter is nevertheless bound by the default of the former in the foreclosure suit, is a question we have not considered, but as having some possible bearing on that question reference is made to section 252, R. S. 1881."

So much of the section referred to as bears upon this case, is as follows :

"An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

It can hardly be controverted but that Mr. Grubbs could have instituted an action to foreclose his tax lien in his own name, or have set up his claim in the foreclosure proceedings then pending, and that, in either event, the beneficiaries would have been concluded by the adjudication resulting. We can see no practical distinction between this and holding that they are concluded by an adjudication, where he is brought into court as a necessary party defendant. In either event he stands for his beneficiaries. It may be inferred from the finding that the agreement between Mr. Grubbs and the appellants was a secret one, at least there was no record of it, and it was unknown to the appellee. Such being the case, Grubbs was, as to all the world except the appellants, the owner of the tax claim, and in his hands it was subject to all incidents and liability that resulted from such ownership.

If the complainants in the proceedings for the foreclosure of the mortgage had desired to make the owner of the tax lien a party to such action, there was nothing of record to disclose the fact that the appellants had any interest in the claim ; nothing to suggest or put the complainants upon inquiry as to the ownership of this claim by any person other than Mr. Grubbs. If, after the decree of foreclosure, it can

be shown, against a title acquired under that proceeding, that the claim for taxes held in the name of Mr. Grubbs was the property of the appellants, and not bound by the decree, why may it not also be shown that the judgment against one of the mortgagors, held by him, and on account of which he was made a party, was also the property of the appellants, and that they were not concluded by the decree ?

The law does not favor such a mode of dealing as will permit parties, by secret means, to render foreclosures difficult and titles insecure. If what is sought in this case may be done, then no faith can be given to judgments, no certainty to any foreclosure, or security felt in any title that comes through a sale on judicial process.

It is contended that Grubbs not being made a party in his capacity as trustee, but only in his individual right, the decree is only binding upon him in the capacity in which he was sued. The general rule of law is, as claimed, that a party to a suit is only concluded by the adjudication in the capacity in which he stands in court. The question is as to the application of the rule to this case.

This is not a case similar to those in which it is held that an adjudication against a party who is sued individually is not binding upon him as an administrator, guardian or the like, where he occupies a known position, or represents known interests, separate and distinct from his individual capacity.

We can not concur in the position assumed by counsel, that it was the duty of the appellee, or the mortgagees under whom he claims title, to pay the taxes on the land for which it was sold, and that, consequently, they must, in order to have their title to the land quieted, pay, or offer to pay, such taxes.

The taxes were the taxes of the mortgagors, whose duty it was to pay the same, and the mortgagees were under no moral or legal obligation to pay them. It is often the case that a mortgagee is compelled of necessity to pay taxes to protect his mortgage, but he is not in duty bound to do so.

A question of the amount of penalty to be recovered by the holder of the tax claim has been somewhat discussed, but, inasmuch as the conclusion we have arrived at requires us to affirm the judgment of the general term, that question need not be discussed or decided.

Judgment affirmed.

