470        APPELLATE COURT OF INDIANA,

## CITY OF INDIANAPOLIS ET AL. v. CITY BOND COMPANY.

[No. 6,248.   Filed March 17, 1908.   Rehearing denied June 5, 1908.
Transfer denied October 30, 1908.]

1. TRIAL.—*Special Findings.—Facts Not Alleged in Complaint.—
Amendments.*—Where a complaint to quiet title alleges that the
. plaintiff, her husband and a city were the owners of the land at
the time a street assessment was made, and the special findings
show that such city subsequently to such assessment acquired its
title, such finding is not without the issues, but an amendment
will be presumed.   p. 472.

2. ELECTION.—*Of Remedies.—Street Assessments.—Liens.—Waiv-
ers.—Actions on.*—The maintenance of an action and rendition of
a personal judgment against a lot owner on his street assess-
ment waiver (§4294 Burns 1901, Acts 1899, p. 237, §7) does not
affect the street assessment lien upon the lot, such lien remaining
until payment of the assessment.   p. 472.

3. TAXATION.—*Tax Deeds.—Title.—Street Assessment Liens.*—The
sale of a lot for taxes and the execution of a deed therefor do not
affect a street assessment lien on such lot.   p. 472.

4. MUNICIPAL CORPORATIONS.—*Property.—Liens.—Execution Sales.*
—A lot which is subject to a street assessment lien, and which is
afterwards purchased by a municipal corporation, can be sold on
decretal order.   p. 473.

From Superior Court of Marion County (65,420) ; *Charles
T. Hanna,* Special Judge.

Cross-complaint by the City Bond Company against the
City of Indianapolis and others.   From a decree for cross-
complainant, the cross-defendants appeal.   *Affirmed.*

*Frederick E. Matson* and *Crate D. Bowen,* for appellants.
*S. M. Richcreek,* for appellee.

ROBY, C. J.—This suit was instituted by Carrie H. Latta,
one of the appellants, against the Marion Bond Company,
the Hoosier Construction Company and Browder & Shover,
partners, to quiet title to certain property in the city of
Indianapolis, which she had purchased at a tax-title sale
for $7.64.   The Hoosier Construction Company and Browder

& Shover filed general denials. The City Bond Company, which had taken over the business and succeeded to the rights of the Marion Bond Company, filed a cross-complaint, alleging therein that certain street and sidewalk improvements had been made in the vicinity of said property, which was assessed therefor, and that bonds which had been issued by the city of Indianapolis to cover the cost of the assessment were owned by it, and prayed that the lien of the assessment against the land be enforced and foreclosed. Subsequently to the filing of the cross-complaint the city of Indianapolis, through its park board, decided to build a boulevard over and along the property in question. The property was appraised at $1,700, which amount was paid to Carrie H. Latta, who executed a warranty deed to the city for the property and dismissed her suit to quiet title. This action left the city of Indianapolis the owner of the property, while the bonds and coupons remained unpaid. The city of Indianapolis was made a party defendant to the cross-complaint. Carrie H. Latta, Will H. Latta and the city of Indianapolis answered in general denial to the cross-complaint. The city filed its second and third paragraphs of answer to the cross-complaint. A demurrer to the second paragraph was sustained, and the issues were closed by a reply in general denial to the third paragraph, which alleged that the Marion Bond Company had sued Frances M. Beck, who owned the property when the assessment was made, upon the same coupons, and had recovered thereon a personal judgment, and averred that its election to do so is a bar to this suit, and a full adjudication of the coupon-holder's rights. The cause was tried by the court, a special finding of facts had, and conclusions of law stated thereon, as follows: ''That the equities are with the cross-complainant City Bond Company, that it is entitled to have the lien of the assessment foreclosed against the property described in the complaint and in these findings, that it is entitled to recover in this cause, on its cross-complaint, the sum of

$463.18, as principal and interest, and the sum of $75 attorneys' fees, and to have its lien foreclosed and said property sold to satisfy the same with interest and costs.

Charles T. Hanna, special judge.''

That the court erred in its conclusions of law is the single assignment of error. It is argued that as it is alleged in the complaint that at the time the assess-

1. ment was made the title to the property was in Carrie H. Latta and her husband and the city of Indianapolis, the finding of the court that the interest of the city therein was subsequently acquired was outside the issues. The assignment of errors does not question the sufficiency of the complaint, and the correctness of the conclusions of law depends upon the facts found and not upon the allegations made, which, in the respect indicated, might have been amended, and will therefore, in view of the issues presented, be regarded as amended. §§403, 404 Burns 1908, §§394, 395 R. S. 1881.

It is contended that the action of the Marion Bond Company in suing Frances M. Beck on her personal waiver (§4294 Burns 1901, Acts 1899, p. 237, §7), and the

2. taking of a personal judgment against her, was an election of remedies. The cases cited to sustain this proposition are not in point. The personal liability to which resort was had is ancillary, and the right to foreclose against the property remains as long as the assessment remains unpaid. §§3850, 3853 Burns 1901, Acts 1891, p. 137, §79, Acts 1899, p. 451, §8; Voris v. Pittsburg Plate Glass Co. (1904), 163 Ind. 599.

The lien of the assessment was not destroyed by the tax sale. The section of the statute which declares that a tax deed ''shall vest in the grantee an absolute estate

3. in fee simple'' (§10379 Burns 1908, Acts 1891, p. 199, §205) defines the quality of the estate, and does not release it from valid encumbrances.

The last and principal contention of appellants is that

the property in question cannot be sold on execution, since it is the property of a public corporation held for a
4. public or governmental purpose. That public property of such a nature cannot be sold under legal process for the debts of a city or for assessments for public improvements, is a well-established rule of law. But the facts of this case do not bring it within the rule. This plot of ground was not the property of the city of Indianapolis when the assessment was levied. Frances M. Beck held the property subject to the lien for the public improvement. Carrie H. Latta held it subject to the same lien. The right of foreclosure, by the issuance of bonds, was transferred to the bond company. The city could not by the purchase of the land obtain a greater estate in it than that possessed by the vendor, nor destroy his right to subject it to the payment of a valid assessment. It was taken subject to the same encumbrances as it was in the hands of Carrie H. Latta.

Judgment affirmed.