REICHERT v. McCOOL ET AL.

[No. 13,517. Filed December 5, 1929. Rehearing denied February 21, 1930. Transfer denied May 1, 1931.]

*French Clements,* for appellant.

*Edward E. Meyer, Isadore J. Fine, William L. Mitchell* and *Edmund L. Craig,* for appellees.

McMahan, J.—This is an action by Henry F. McCool against Luella Reichert, appellant herein, and Ruth Burket to quiet title to certain real estate in the city of Evansville. Ruth Burket filed an answer of general denial and a cross-complaint alleging that, at the regular tax sale in February, 1922, she purchased the land in question, and there being no redemption, the auditor, on March 4, 1924, executed a deed conveying the land to her; that the plaintiff, McCool, was claiming her tax deed was invalid and not effectual to convey title; that defendant Reichert was claiming a lien on the lot because of a certain street improvement and had brought suit to foreclose such lien; that, if the tax deed be found invalid as claimed by the plaintiff, she should be subrogated to the rights of the state, and that the amount paid by her for taxes at the tax sale and subsequent thereto was a prior lien to any lien of Reichert, and asking that the land be not sold for the payment of the street improvement lien until the court ascertained the priorities of the liens and for all other proper relief.

Luella Reichert, for answer to the complaint and to the cross-complaint of Ruth Burket, alleged that on September 2, 1927, she commenced an action in the Vanderburgh Probate Court against Ruth Burket for the foreclosure of a street improvement lien against the real estate described in the complaint; that McCool appeared in that action and filed an intervening petition claiming

to be the owner of the property, and, on his motion, was made a party defendant; that Burket and McCool filed their answers therein relative to their rights in the real estate; that, thereafter, a judgment was rendered in that action in favor of the plaintiff in the foreclosure proceeding, and that such decree of foreclosure settled and adjudicated all the rights of the parties as to all issues presented by the complaint of McCool and by the cross-complaint of Burket in the instant case, all of the formal allegations to make such answer good being alleged. The decree rendered in the action for foreclosure of the street improvement lien is set out and made a part of this answer. This decree shows the appearance of McCool and Burket; the dismissal of the cross-complaint filed therein by Burket; a finding against McCool and Burket and for the plaintiff therein against both defendants that all of the allegations of the complaint were true; that there was due the plaintiff therein on account of the street improvement assessment $256.01; that the same was a lien on the real estate; that such lien should be foreclosed and the real estate ordered sold; that the sheriff, upon sale of the property, should, out of the proceeds, first pay the costs, then the amount found to be due on the street improvement lien, and the balance, if any, to Ruth Burket. The judgment followed the finding.

The issues in the instant case, being closed by answer and replies, were tried by the court and resulted in a decree adjudging McCool to be the owner of the real estate; that Ruth Burket was the holder of a first and prior lien for taxes amounting to $199.21; that appellant had a lien in the sum of $306.70, for the street improvement, which was junior and inferior to such tax lien; that such street improvement lien was, by the foreclosure, merged in the sheriff's certificate of purchase which appellant held; that McCool should, within 10

days, pay to the clerk the $199.21 due Burket on her tax lien; that, upon his failure so to do, appellant should, within 20 days thereafter, pay said sum to the clerk for use of Burket; that, if both parties failed to make such payment, the property should be sold, and, after payment of costs, the proceeds should be applied (1) to the payment of the claim of Burket, (2) to the payment of the claim of Reichert, and (3) any balance to McCool. It also provided that, if the land was sold to pay the lien of Burket, the sale should be made free from the lien of Reichert, and that her lien should attach to the proceeds not required to pay the tax lien.

Luella Reichert appeals from this decree, and assigns as error the overruling of her motion for a new trial, the specifications of which are: (1) That the decision of the court is not sustained by sufficient evidence; (2) that it is contrary to law; and (3) error in excluding certain evidence.

The facts in this case as proved by the undisputed evidence are as follows: At the regular tax sale held February 13, 1922, the land in question was sold to Ruth Burket, hereafter designated "appellee," and, on March 4, 1924, the auditor issued a tax deed to her; in July 1925, John L. Newman, in an action brought by him against appellee, and the devisees of the person who owned the land at and prior to the time of the tax sale, recovered a decree in the Vanderburgh Circuit Court, foreclosing an assessment lien held by him and ordering the real estate sold; the land was sold by the sheriff under that decree to appellee, and, there being no redemption from such sale, a sheriff's deed was, in January, 1928, issued to McCool as assignee of the sheriff's certificate.

We will not set out the evidence relating to the advertising of the property for sale for delinquent taxes, but it is sufficient to say the auditor did not follow the statute in making up this record, and, because of such

failure, the tax deed was invalid and ineffectual to convey title. Such sale, however, was sufficient to transfer to her the lien of the state for taxes.

In September, 1927, appellant commenced an action in the Vanderburgh Probate Court to foreclose a street improvement lien held by her. Appellee being the only defendant named in the complaint, which alleged a state of facts showing that all of the proceedings relating to such improvement, including the passage of the declaratory resolution, the letting of the contract for the construction of the improvement to appellant, the completion of the improvement by her, and the making of the assessment roll levying an assessment against the real estate in question in the name of and as being owned by appellee. The giving of all notices to be given the landowners, including appellee, of the amount of their respective assessments, were had after the execution of the tax deed, and the complaint in that action specifically alleged that the real estate in question was the property of appellee; that she had failed to execute any waiver or pay the assessment, and that she had been notified that the assessment was delinquent against her lot and must be paid or an action would be commenced to foreclose the lien of such assessment. The prayer of the complaint was that the lien of said assessment be foreclosed, and that the lot be sold to satisfy the amount due by reason of such assessment, including attorney fees, and for all other proper relief.

McCool, claiming to own the property, was, on his application, made a defendant in that action and filed an answer of general denial. Appellee filed an answer in two paragraphs, the first being a general denial. The second paragraph alleged that she purchased the property in 1922, at tax sale, and the issuance to her of a tax deed; that such tax sale was ineffectual to convey title; that, by reason of such sale, she had a tax lien which was

prior to the street improvement lien of appellant, and that such tax lien should be first paid. She also filed a counterclaim alleging that she was the owner of the real estate and asking that her title be quieted. A demurrer was sustained to the second paragraph of answer, after which the counterclaim was dismissed, and, after a trial, a judgment was rendered foreclosing the street improvement lien as to both defendants in the sum of $256.01, and directing that the proceeds arising from the sale, after payment of costs, should be applied to the payment of appellant's judgment, and the balance, if any, should be paid to appellee. This decree has never been vacated or set aside, and the sheriff sold the property to appellant, who now holds a certificate of purchase issued to her by the sheriff.

Appellant contends that the priority of her street improvement lien over the tax lien was adjudicated and forever settled by the decree foreclosing the same and ordering that, upon the sale of the property under that decree, the proceeds, after the payment of costs, should be applied in payment of her improvement lien, and the balance, if any, to appellee. Appellee contends that she was not required to file a counterclaim or cross-complaint in that action in order to save her right to enforce the tax lien upon a failure of the tax deed to convey title.

"A final judgment settles and concludes every mere defence that was or might have been urged against the cause of action upon which it is based, whether there was an answer setting up a defence or the judgment was rendered upon default; but it is not conclusive as to a cross action, that is, an independent, affirmative cause of action in favor of the defendant against the plaintiff, unless that cause of cross action was, in fact, involved in the issues of the former case, either as a set-off, a counter-claim or a *defence*." (Our

italics.)  *Goble* v. *Dillon* (1882), 86 Ind. 327, 44 Am. Rep. 308.

The record discloses that appellee was *prima facie* the owner of a fee-simple title to the real estate at the time the proceedings relating to the street improvement were had. The assessment was made against her as such owner. She was notified of such assessment and that, unless it was paid, suit would be commenced against her to foreclose the lien created by that assessment. Suit was commenced against her as the owner of the real estate to foreclose her equity of redemption. The fact that her tax deed was ineffectual to convey title but that it did transfer the lien held by the state for taxes would have been a complete defense to the suit to foreclose the street improvement lien, in the absence of estoppel or waiver. The rule is, that when a party is sued, he must interpose all defenses which he has, and, as to them, whether pleaded or not, the judgment is conclusive.

The fact that appellee filed an answer setting up the invalidity of her tax title and alleging that she had a prior lien for taxes, to which a demurrer was sustained, does not prevent the judgment in that action from being final and conclusive. If appellee thought that judgment or decree wrong, she should have appealed from it. Not having done so, she is bound by it. *Henry* v. *Gant* (1921), 75 Ind. App. 218, 129 N. E. 408; *Cannon* v. *Castleman* (1904), 162 Ind. 6, 69 N. E. 455; *Jones* v. *Vert* (1889), 121 Ind. 140, 22 N. E. 882, 16 Am. St. 379; *Adair* v. *Margentheim* (1888), 114 Ind. 303, 16 N. E. 603.

The court, in that action, found and decreed that appellee owned the real estate and directed that the same be sold, and that, upon the foreclosure sale, the claim of appellant should be paid, and the balance, if any, paid to appellee as the owner of the equity

of redemption. If the holder of the tax deed had the title to the land, she could not have had a lien, as a purchaser at a tax sale has no lien for the purchase price paid at the tax sale, when the tax deed conveys title. If a tax sale is valid, the lien is satisfied. *Burkhart* v. *Millikan* (1921), 71 Ind. App. 480, 130 N. E. 837; *Williston Construction Co.* v. *Hughes* (1928), 87 Ind. App. 570, 162 N. E. 237, overruling *City of Indianapolis* v. *City Bond Co.* (1908), 42 Ind. App. 470, 84 N. E. 20.

That decree could have been rendered on no theory other than that appellee was the owner of the property or that she was estopped to deny ownership. She is now bound by that judgment and cannot, in the instant case, go back of it. *Harvey* v. *Phillips* (1922), 193 Iowa 231, 186 N. W. 910.

A foreclosure suit is a proceeding for the legal determination of the existence of the lien, *the ascertainment of its extent,* and the subjection to sale of the estate pledged for its satisfaction. *Boggs* v. *Fowler* (1860), 16 Cal. 559, 76 Am. Dec. 561. The purpose of a suit to foreclose is to settle conflicting claims, by cutting off and destroying an equity of redemption. A foreclosure is defined as a proceeding in chancery by which the mortgagor's right of redemption is barred or closed forever. 2 Bouvier, Law Dictionary 1256.

As was said in *Craighead* v. *Dalton* (1886), 105 Ind. 72, 4 N. E. 425: "One of the leading purposes of a suit to foreclose a mortgage is to secure such a decree as will enable the plaintiff to sell all the right and title that his mortgage covers, and enable a purchaser at the sale to ascertain what title it is that he buys. To attain this end it is necessary that all the claims held against the mortgaged premises should be adjusted in one suit."

In *Dixon* v. *Thompson* (1912), 52 Ind. App. 560, 98 N. E. 738, where the holders of a tax deed, regular on its

face, having knowledge of irregularities in conducting the sale which rendered the same invalid, remained silent after notice of the adoption of a resolution for the improvement of the street on which the property abutted, and did not disclose that they were not the owners of such lot until after the improvement was made and suit had been brought to foreclose the assessment lien, it was held that they thereby waived the superiority of their lien for taxes, and were estopped from setting up the defect in their title to defeat the lien for such assessment. "It was their duty," said the court, "before the expense of improvement had been incurred, to speak and make known their claim that the records disclosing title in them were erroneous, and that they were simply holders of a lien for taxes paid, title having failed. As they did not do this, but remained silent until the improvement was made and the value of the property enhanced thereby, and for more than a year thereafter, and did not speak until appellant brought suit to foreclose his lien, they must then be held, under the facts of this particular case, as against appellant, to have acquiesced in the apparent record title shown in them, and to have waived their rights to insist upon a lien superior to the claim and lien of appellant, and by their conduct to have estopped themselves from attacking his claim."

So, in the instant case, appellee failed to speak before the expense of making the improvement had been incurred, and make known her claim that the record showing title in her was erroneous, and that she was simply the holder of a lien for taxes, the title having failed. She remained silent while the improvement was being made and the value of her property enhanced thereby. Not only this, but she filed a cross-complaint alleging title. When a decree was rendered against her foreclosing the street improvement lien, she made no effort to have that decree vacated or set aside

by appeal or otherwise. The property was sold by the sheriff to satisfy that decree, and now, in a court of equity, and in a collateral proceeding, she seeks to overthrow the decree foreclosing the lien and ordering the property sold to pay the amount so adjudged to be due and owing appellant. This she cannot do. The court, in that action, had jurisdiction of the parties and of the subject-matter, and, as heretofore stated, the decree in that case finally adjudicated and forever settled the right of appellant to have her lien foreclosed and adjudged superior to any right of appellee. See *Ferris* v. *Udell* (1894), 139 Ind. 579, 38 N. E. 180; *Browning* v. *Smith* (1894), 139 Ind. 280, 37 N. E. 540; *O'Brien* v. *Moffitt* (1893), 133 Ind. 660, 33 N. E. 616, 36 Am. St. 566; *Davis* v. *Barton* (1892), 130 Ind. 399, 30 N. E. 512; *Gaylord* v. *City of Lafayette* (1888), 115 Ind. 423, 17 N. E. 899; *Barton* v. *Anderson* (1886), 104 Ind. 578, 4 N. E. 420; *Davenport* v. *Barnett* (1875), 51 Ind. 329; *Greenup* v. *Crooks* (1875), 50 Ind. 410.

The judgment in the instant case is contrary to law, and for that reason must be reversed. The evidence consists of an agreement as to certain facts, signed by the parties, and certain record evidence that is not subject to change. The judgment, therefore, is reversed, with directions to vacate the judgment and finding and to find for appellant on her answer of *res adjudicata* as to the plaintiff McCool, and, as to appellee Burket, to enter judgment in accordance with such finding and consistent with this opinion.

Lockyear, J., not participating.

## ON PETITION FOR REHEARING.

McMAHAN, J.—It is true, as contended by appellees, that the court, in the action brought by appellant, did not, in express words, find and decree that appellee Burket was the owner of the real estate in question and

order that the balance of the proceeds arising from the sheriff's sale after the payment of appellant's judgment be paid to said appellee "as the owner of the equity of redemption." The complaint in that action alleged that appellee Burket was the owner of the real estate, and sought a foreclosure of the street improvement against her upon the theory that she was the owner. The court found that the allegations of that complaint were true, foreclosed the lien against appellee and Mc-Cool, ordered the real estate sold, and that the proceeds arising from such sale should be applied, "first to the payment of the costs and accruing costs in this action, then to the payment of the judgment herein, with interest, and that any balance remaining, be paid to the defendant, Ruth Burket." That decree has never been vacated; it is still in force. By its terms, the proceeds remaining after the payment of appellant's judgment were to be paid to appellee. That decree, whether right or wrong, positively and finally adjudged that the real estate in question should be sold, and that, out of the proceeds from that sale, the judgment therein rendered should be paid. That decree was binding on the trial court in the instant case, and is binding on this court.

Appellees say that the year allowed for redeeming from the sheriff's sale has expired, and that neither appellee McCool, as owner, nor appellee Burket, as holder of a tax lien, can now redeem from that sale, thus depriving the one of his title to the property and the other of her lien. If that be true, it cannot change the legal effect of the decree ordering the property sold.

Rehearing denied.