## OLDS *v.* HITZEMANN ET AL.
[No. 27,725. Filed June 8, 1942.]

302

*Mountz & Mountz,* of Garrett, for appellant.

*S. K. Frankenstein,* of Fort Wayne, for appellees.

FANSLER, J.—This action was begun by Conrad and Lizzie Hitzemann against the appellant and the appellee Ona Olds, his wife. The complaint was filed in April, 1935, and alleges that on or about the first day of February, 1929, the plaintiffs were indebted to divers persons who threatened suit against them; that they employed Hugh B. Olds, a practicing lawyer, as their attorney, and that he continued to represent them for several years thereafter; that they placed great reliance in him as their counselor and adviser in regard to their business affairs; that the plaintiffs had been residents of Allen County for 64 and 62 years, respectively; that they had been engaged in the occupations of farming and housewife; that they had only a rudimentary education and were ignorant of the law; that on the 19th day of February, 1932, Mr. Olds procured them to sign a deed for certain described real estate to a bank as trustee, and at the same time procured them to execute an agreement with the bank as trustee, by the terms of which the bank agreed to hold the legal title to the real estate conveyed by the deed for Hugh B. Olds, and to convey the property to, and account for the proceeds of the property to, him, or to such other person as he might designate; that there was a clause in the trust agreement to the effect that Hugh B. Olds had paid in full the consideration for the conveyance. It is further alleged that in fact Mr. Olds paid no consideration for the real estate, either at the time of the conveyance or afterward; that on the 24th day of

January, 1934, he procured the bank to execute a deed conveying the real estate to Hugh B. Olds and Ona Olds, his wife; that thereafter, on the 26th day of January, 1934, Hugh B. Olds and Ona Olds filed a complaint against the Hitzemanns in the Superior Court of Allen County, seeking to eject the said Hitzemanns from the premises and to recover possession of the real estate; that in connection therewith the said Hugh B. Olds filed an affidavit that he and his wife were the owners of the real estate and entitled to immediate possession; that pursuant to this proceeding the Hitzemanns were removed from the premises. It is alleged that at the time of this action in ejectment the Hitzemanns were without funds to defend themselves, were ignorant of their rights, and did not appear and defend said action; that they were defaulted, and that the Olds procured a judgment and possession of the property; that in fact Hugh B. Olds paid no consideration for the real estate, but procured the deed to the bank and the trust agreement by representing that he would hold the real estate for the Hitzemanns and they would continue to be the owners and remain in possession thereof; that the conveyance to the bank and the trust agreement were procured for the sole purpose of defrauding plaintiffs of their real estate; that they had great confidence in their attorney, and executed the instruments only because of his false representations that as soon as he procured a settlement of their legal difficulties he would cause said real estate to be reconveyed to them. It is alleged that the reasonable value of the real estate as of the 26th day of January, 1934, was $8,000; that the reasonable rental value thereof on said date was $500. There was prayer for judgment in the sum of $10,000 and for all other proper relief.

The defendant, Hugh B. Olds, demurred to this complaint upon the ground that the action sued upon in plaintiffs' complaint had been finally adjudicated and determined in the action in ejectment referred to in the complaint. The demurrer was overruled. There was a trial, and special findings of facts in which the court found that there was a consideration for the conveyance consisting of an agreement to pay mortgages and liens upon the property and the satisfaction of claims of Mr. Olds for money advanced and for attorney fees; that these items amounted to $4,809.80; that the fair market value of the real estate on the date of the conveyance was $6,000; that the defendant Olds had profited unfairly in the transaction in the sum of $1,190.20, and there was judgment for this amount.

Error is assigned upon the overruling of a demurrer and the overruling of a motion for a new trial, and in the conclusions of law.

It is generally said that transactions between an attorney and client are presumed to be fraudulent, so that the attorney has the burden of proving the fairness and honesty thereof. This is upon the theory that an attorney is a fiduciary, and that during the continuance of the relationship of attorney and client a confidence is reposed in the attorney, which may be abused to the disadvantage of the client, and hence, if the client complains that a transaction was unfair and inequitable, the attorney has the burden of proving that it was fair and honest.

". . . when a transaction with, or transfer to, an attorney is regarded as unfair or constructively fraudulent the client has the right to avoid the same either by an affirmative suit in equity to set the same aside, or by asserting the fraud or

confidential relationship in defense to any attempt by the attorney to enforce his rights under the transaction. If the client does not make timely application, however, he may be barred from obtaining relief by the equitable doctrine of laches or by the statute of limitations; and a client who, with full information, has acquiesced in or ratified a transaction with, or transfer to, his attorney cannot thereafter avoid the same. Delay or laches will not, however, preclude the client from defending on the ground of confidential relationship at any time during the period the attorney can enforce his rights under the transfer or transaction. Moreover, it has been said that the defense of laches based on mere delay is not favored in suits to set aside such transactions; and mere delay does not amount to laches which will preclude the client from setting the transaction aside where there was nothing to arouse the suspicions of the client or move him to action.

"The client's right to avoid the transaction may often be conditioned upon the client's restoration of the status quo, or payment of the fees and disbursements of the attorney." 7 C. J. S. § 127 (d), Attorney and Client, pp. 968, 969.

"The rule requiring the attorney to establish the fairness and honesty of the transaction does not apply where the attorney has openly assumed an attitude hostile to the client, before the transaction was entered into, so that thereafter the parties are put at arm's length and the client could not possibly have been acting under the influence of the confidence which he had reposed in the attorney." 7 C. J. S. § 127 (b), Attorney and Client, p. 967.

The complaint is upon the theory of express fraud and misrepresentation as to the purpose and effect of

the conveyances and the complete lack of consideration for the conveyances. But it alleges that the appellant and Ona Olds, his wife, began an action in which they asserted ownership of the land in question, and by their assertions in this action, filed in 1934, there could be no misunderstanding or mistake or misrepresentation as to the interest they claimed in the land. The Hitzemanns were served with summons, but defaulted. They were then in possession of the land, and had been since the deed was made. Their default in that action cannot be charged to the · fraud or misrepresentation of Mr. Olds, since he was not acting as their attorney in that action. The judgment in that action. is not void, and if the default was taken through their mistake or excusable neglect, relief may be had only by a statutory proceeding for relief from the judgment. It cannot be collaterally attacked. The facts which are asserted in the complaint in the case at bar might have been proven as a defense to the suit in ejectment. All legal and equitable defenses are provable under the general denial, and any state of facts which would invoke the aid of equity for relief against the claim of title put forward would be a defense. *East* v. *Peden* (1886), 108 Ind. 92, 8 N. E. 722. It is firmly settled that *res judicata* embraces not only what was actually determined, but every matter which the parties might have litigated in the cause. The judgment in the former action is conclusive and bars a subsequent action if an opportunity was presented to litigate the entire subject-matter in the former action. *Jarboe* v. *Severin et al.* (1887), 112 Ind. 572, 14 N. E. 490; *Burrell* v. *Jean et al.* (1925), 196 Ind. 187, 146 N. E. 754. When a party is sued he must make all the defenses he has, and as to such defenses, whether plead or not, the judgment is conclusive. *Reichert* v.

*McCool, et al.* (1931), 92 Ind. App. 406, 169 N. E. 86, 170 N. E. 84.

The injury of which the Hitzemanns complain was not accomplished by the deed and contract. They were still in possession of their land, and their possession was notice to the world of their claims to ownership and right to possession. *Mishawaka St. Joseph Loan & Trust Co. et al.* v. *Neu, Guardian, et al.* (1936), 209 Ind. 433, 196 N. E. 85. The deeds were merely a cloud upon their title. So long as they held possession, they had the right to assert the fraud upon them and their equitable rights as against any one seeking to assert ownership or gain possession by virtue of the deeds. The Olds asserted their title and right to possesion in an action in a lawfully constituted public tribunal. At that time Mr. Olds was not acting as attorney for the Hitzemanns, but assuming a position actively antagonistic to them. In that action it was openly, actively, and antagonistically asserted that he and his wife were the owners and entitled to possession of the land. If the Hitzemanns had been deceived before, and believed that the title was held for their benefit, and that Olds would not claim to be the owner, and would not disturb their possession, but would reconvey to them when their business was settled, this public notice was sufficient to advise them to the contrary. They had the option then to publicly assert the fraud arising out of the confidential relationship as a defense. They could no longer claim that they were misinformed and did not know that their former attorney was claiming to be the owner and entitled to the possession of the land. No longer could they truthfully say that he was representing to them that he was holding the land for them. Having failed to appear and assert their defense, they are barred. The judg-

ment is valid and cannot be collaterally attacked. If the judgment was taken through mistake, inadvertence, surprise, or excusable neglect, there is a statutory remedy for relief in a direct proceeding. § 2-1068, Burns' 1933, § 173, Baldwin's 1934. The complaint does not allege fraud in procuring the judgment in ejectment, but only fraud in inducing the conveyance two years before. The demurrer should have been sustained.

The judgment in favor of the Hitzemanns was not based upon the theory of their complaint, but, from the findings of facts and conclusions of law, it seems to have been based upon a different and inconsistent theory, that is, upon the theory that the real estate was sold to Mr. Olds, and that the deed to the bank was intended to convey title for his benefit, but that the agreed consideration was not fair in that it was too small; that the consideration agreed upon was paid; that the land was worth more than the contracted price, and that therefore Mr. Olds had profited unfairly, and that the plaintiffs were entitled to recover an additional sum, which was the fair value of the property which they had sold. It appears from the findings of facts that Mr. Olds had advanced money, paid taxes and mortgages, and satisfied his claims for legal services. These findings do not support the allegations of the complaint, but if the facts alleged in the complaint are untrue, and the facts found by the court are true, the Hizemanns might have asserted the true facts as a defense to the action in ejectment and for possession. Fraud upon the part of the attorney in inducing them to part with their property for an inadequate consideration would have been an equitable defense, and the court trying the case might have drafted a decree conditioning the validity of the conveyance and

the right to possession upon the payment of such additional amounts as might be necessary to make the compensation adequate, or the conveyance might have been set aside and a decree entered that would protect Mr. Olds to the extent of his advancements. The fraud and unfairness alleged in the complaint, or the different and inconsistent fraud and unfairness found by the court, or any other fraud or unfairness which was a defense to the enforcement of the conveyances which vested legal title in the Olds, were a defense to the assertion of the right to the consummation of the transfer of the land by reducing it to possession. Defenses must be made when a right is asserted. If they were prevented from making the defenses, the remedy was by a proceeding to vacate the judgment. The right of the Hitzemanns to assert the facts alleged in the complaint, or the facts found by the court in the special findings, as a defense against the legal title of the Olds to the land in question, is effectively barred by the judgment in ejectment.

Judgment reversed, with instructions to restate the conclusions of law in conformity to this opinion, and enter judgment for the defendants.

NOTE.—Reported in 42 N. E. (2d) 35.