## MITCHELLTREE SCHOOL TOWNSHIP OF MARTIN COUNTY v. CARNAHAN ET AL.

[No. 6,278. Filed April 24, 1908. Rehearing denied July 1, 1908. Transfer denied October 30, 1908.]

1. PLEADING.—*Complaint.—School Supplies.—Auditing Boards.*— A complaint against a school township upon a warrant given for school supplies must allege that the articles enumerated were useful, suitable, necessary and used for the purpose of the school township, the auditing board law (Acts 1897, p. 222) making no change in such requirements. p. 476.

2. LIMITATION OF ACTIONS.—*Amended Complaint.—New Cause.— School Warrants.—Goods Sold and Delivered.*—Where an action was brought on a school warrant properly approved by the board of commissioners under the auditing board law (Acts 1897, p. 222), the filing of an amended complaint for goods sold and delivered does not state a new cause of action subject to the bar of the statute of limitations, where such statute did not constitute a bar at the time of filing the original complaint. p. 476.

3. LIMITATION OF ACTIONS. — *Complaint.* — *Amendments.* — *New Cause.*—Where an amendment is made to a complaint, containing a cause of action not contained in the original complaint, the statute of limitations relates to the time of the amendment and not to the time of filing the original complaint. p. 477.

4. BILLS AND NOTES.—*Township Warrants.*—A township warrant does not in any respect constitute a bill or a note, and does not show a *prima facie* liability against the township. p. 478.

5. LIMITATION OF ACTIONS.—*Amendments.*—*Character of.*—*Former Adjudication.*—The statute of limitations constitutes a bar to a cause of action stated in an amended complaint, where a judgment on the original complaint, not barred by the statute, could not be pleaded as a former adjudication of the cause set out in the amended complaint. p. 478.

6. JUDGMENT.—*Former Adjudication.*—*Township Warrants.*—*Goods Sold and Delivered.*—A judgment on a township warrant is a bar to an action for goods sold and delivered, where the goods in both cases are the same. p. 479

7. CONTRACTS.—*Oral.*—*Written.*—*Merger.*—*Sales.*—*Township Warrants.*—An oral contract for the sale of goods to a school township is not merged into the written warrant issued therefor, such warrant being insufficient of itself as a payment or as a foundation for a legal liability. p. 480.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Magnus J. Carnahan and others against Mitchelltree School Township and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Brooks & Brooks,* for appellants.

*W. R. Gardiner, C. K. Tharp, C. G. Gardiner* and *R. N. Palmer,* for appellees.

RABB, J.—On December 6, 1898, the trustee of appellant township executed to appellees a township warrant as evidence of an indebtedness of the school township to appellees for material and furniture purchased by said trustee from appellees, and used by said trustee in the construction and equipment of a schoolhouse in said township. The warrant was in the following terms:

"$425.                    State of Indiana, Martin county.
    Mitchelltree township, in the county and State aforesaid, will pay to the order of M. J. Carnahan & Co., Loogootee, Indiana, $425 out of the special school fund

for building material for schoolhouse, District No. 2, payable at Martin County Bank of Shoals on or before December 6, 1900, value received, waiving valuation and appraisement laws of the State of Indiana, with interest thereon at the rate of eight per cent per annum from December 6, 1898, until paid and attorneys' fees. Dated December 6, 1898.

Per I. T. Carothers, trustee of Mitchelltree township, Martin county, Indiana.''

This warrant was assigned by appellees to one Hall, who on February 1, 1902, instituted an action on the warrant. The complaint avers the execution of the warrant, and that it was given for goods sold and delivered, received and used, by the appellant, the warrant being made a part of the complaint. The complaint also avers that the board of commissioners of the county of Martin, sitting as a board for the purpose of auditing claims and warrants against the various townships of said county, ''did investigate and learn for what purpose said warrant was drawn, whether it was a proper and legal charge against the special school fund of the defendant, whether the articles for which said warrant was drawn were within the proper and legitimate purpose of said defendant, whether the defendant had use therefor, whether the amount named in said warrant was a reasonable compensation for the articles furnished, and whether there was any occasion for the purchase of, or contracting for the same, and did audit said claim and approve the same as to the amount of said warrant, and did then, as evidence thereof, write and stamp'' its approval on the face of said warrant. A copy of the approval is made an exhibit of the complaint.

A demurrer was overruled to this complaint, issue formed thereon, a trial had, resulting in a finding and judgment in favor of the plaintiff for the amount of his claim, and an appeal to the Supreme Court taken, where the cause was reversed for error in overruling the demurrer to the complaint. The case is reported as *Mitchelltree School Tp.* v. *Hall* (1904), 163 Ind. 667.

The complaint proceeded upon the idea that the act of March 8, 1897 (Acts 1897, p. 222), had so far modified the rules of pleading and proof in actions of this character. as to make the action of the board of county commissioners, in auditing township warrants, take the place of averments in the complaint and proof on the trial that the articles for which the warrant was issued were received, accepted and used by the township, and that they were suitable, useful and necessary for the purpose of the township, and were of the reasonable value charged for the same, as required by the law as it had been declared in the cases of *Boyd* v. *Mill Creek School Tp.* (1888), 114 Ind. 210, *Bloomington School Tp.* v. *National School Furnishing Co.* (1886), 107 Ind. 43, *Union School Tp.* v. *First Nat. Bank, etc.* (1885), 102 Ind. 464, *State, ex rel.,* v. *Hawes* (1887), 112 Ind. 323, *Reeves School Tp.* v. *Dodson* (1885), 98 Ind. 497, and numerous other cases. The court held that this was a mistaken view, and that the rule of pleading and proof in this class of cases remained unchanged, and that the complaint was bad for lack of the averments that the articles for which the warrant was issued were suitable, useful and necessary for the purpose of the school township.

The case was reversed, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings not inconsistent with the opinion. Upon the return of the case to the lower court the appellees filed a petition averring the reassignment to them of the warrant by appellee Hall, and asking to be substituted as parties plaintiff, with leave to file amended and substituted complaint, which leave was granted, and appellees filed on May 2, 1905, their amended and substituted complaint, based on a common count for goods sold and delivered, with a bill of particulars of the goods sold, and averring that they were sold by the appellees to the appellant to be used, and that they were used, in the construction

and equipment of a schoolhouse for the appellant township; that the same were suitable, useful and necessary in the construction and equipment of said schoolhouse; that on December 6, 1898, the trustee executed to the appellees the warrant set out in the original paragraph of the complaint.

To this complaint appellant answered that appellee's cause of action did not accrue within six years from the date of the filing of the amended complaint. To this answer a demurrer was sustained, and this ruling of the court presents one of the questions arising in this cause, it being the contention of the appellant that the amended complaint set up a new and different cause of action from that contained in the original complaint, and that therefore the amendment would not relate back to the date of the filing of the original complaint. There is no controversy as to the rule of law proper to apply to the case. It is well settled that, if an amended complaint brings into the case a new and substantially different cause of action from the one originally declared upon, the filing of the original action will not stop the running of the statute of limitations, and that it will continue until the date of the filing of the amended complaint, but if the amendment does not present a substantially different cause of action from that originally declared upon it relates back to the date of the filing of the original complaint. The difficulty arises in this case in the application of the rule. We are called upon to determine here whether there is a substantial variance between the cause of action declared upon in the original complaint and that declared upon in the amended complaint. It seems to us that there can be no doubt that the appellees would have the right, upon the sustaining of the demurrer to their original complaint, to amend that complaint to make it sufficient upon the theory upon which it was predicated. The appellees would have the right by amendment to aver in their complaint that the goods for which the warrant was

issued were suitable, useful and necessary for the purpose of the township, and that such amendment would be carried back to the date of the filing of the original complaint; and that, notwithstanding the fact that the appellees' cause of action was imperfectly stated, yet all matters that might have been litigated upon an amended and sufficient complaint based upon the warrant are properly within the *lis pendens* of the complaint as originally filed, although the complaint, at the time it was originally filed, was not sufficient, because it imperfectly stated the facts necessary to make out a cause of action.

A township warrant is an anomalous kind of contract. It is not a promissory note in any sense of the word. Standing alone it creates no liability against the township, and in order to sustain an action based upon it the complaint must show by proper averment what it was given for, and if for goods of any character, that they were suitable, useful and necessary for the township, and that the township received and used them. In this case, to make out the appellees' case against the school township upon the warrant set forth in the original complaint, it was necessary that the complaint allege and the proof show substantially every fact that would have to be alleged and shown in an action on an account for the same goods sold and delivered by appellees to the township.

In the case of *Nelson* v. *First Nat. Bank* (1903), 139 Ala. 578, 36 South. 707, 101 Am. St. 52, in reference to this question it is said: "It seems to be the settled rule that the amendment, in order to come within the doctrine of relation back to the commencement of the suit, must be a varying form or expression of the claim or cause of action sued on, and the subject-matter of the amendment wholly within the *lis pendens* of the original suit. If the matter introduced by way of amendment introduces a new claim or cause of action, * * * requiring a different

character of evidence for its support, and affording a different defense from that originally presented, it will not relate back to the commencement of the suit.''

We understand the term *lis pendens,* as used here, to mean the matters presented for adjudication by the original complaint, and of which the defendant is bound to take notice. In determining whether an amendment relates back to the commencement of the action, so as to arrest the statute of limitations at that time, this court says in the case of *Shirk* v. *Coyle* (1891), 2 Ind. App. 354: ''In general, amendments to complaints relate to the time of the commencement of the action, but where a new and independent right is brought in by amendment, in applying the statute of limitations reference must be had to the time of the amendment. * * * In determining this question, however, we must look to the substantial nature of the claim so introduced into the action, and not to the formal manner in which it is declared upon as the basis of a legal liability.'' *Jeffersonville, etc., R. Co.* v. *Hendricks* (1872), 41 Ind. 48; *Chicago, etc., R. Co.* v. *Bills* (1889), 118 Ind. 221; *Ohio, etc., R. Co.* v. *Stein* (1894), 140 Ind. 61; *Indianapolis St. R. Co.* v. *Fearnaught* (1907), 40 Ind. App. 333; *Terre Haute, etc., R. Co.* v. *Zehner* (1906), 166 Ind. 149, 3 L. R. A. (N. S.) 277.

If an adjudication on the original complaint would bar an action on the matters set up in the amendment, or *vice versa,* then the amendment relates back to the date of the commencement of the action; otherwise it does not.

Here we think it clear that an adjudication based upon the township warrant set forth in the original complaint would be a complete bar to an action on an account 6. set forth in the amended complaint, and that an adjudication upon the amended complaint would also be a complete bar to any action on the warrant. This being true, the demurrer was properly sustained to the answer. *Terre Haute, etc., R. Co.* v. *Zehner, supra.*

It is also urged that the complaint is bad for the reason that it shows upon its face that the oral contract sued upon was merged in the written instrument. We think this point is not well taken. The complaint does not show any merger of the oral contract; it simply shows the issuance of the township warrant by the township trustee for the amount of the debt owing by the township to the appellees. This is not a merger of the contract by which the goods were sold by appellees to the township, nor does it amount to a payment of the account. It is not even *prima facie* evidence of payment. These are the only questions arising in the record.

The judgment is affirmed.