## RALEY v. EVANSVILLE GAS AND ELECTRIC LIGHT COMPANY.

[No. 6,891. Filed February 4, 1910. Rehearing denied April 19, 1910.]

1. PLEADING.—Complaint.—Amendment.—Limitation of Actions.— An amended complaint ordinarily relates to the time of the filing of the original complaint, but this rule does not apply, where it states a new cause of action. p. 654.

2. ACTION.—Cause of.—What Constitutes.—A cause of action consists of a right of the plaintiff and a breach of such right by the defendant. p. 654.

Raley *v.* Evansville Gas, etc., Co.—45 Ind. App. 649.

3. PLEADING.—*Amended Complaint.*—*New Cause of Action.*—*Tests.* —An amended complaint ordinarily contains a new cause of action, (1) where the new allegations deprive defendant of any defense which he had to the original cause, (2) where the evidence establishing the original, will not establish the new, (3) where the new allegations, if in reply, would have constituted a departure, (4) where the new allegations set up a title not before asserted, and (5) where a judgment on the original complaint would not constitute a bar to the amended complaint. p. 654.

4. MASTER AND SERVANT.—*Electric Light Companies.*—*Failure to Insulate.*—*Amended Complaint.*—*Failure to Turn Off Current.*— *Limitation of Actions.*—Where a servant, in an original complaint, alleged that defendant electric light company negligently failed to insulate its wires, thereby injuring him, his subsequent amendment of such complaint by adding the averment that such company negligently failed to turn off the current from its wires, thereby injuring him, does not introduce a new cause of action against which the statute of limitations would constitute a bar, since the facts alleged in either complaint would bar another action for the same cause. pp. 655, 657.

5. APPEAL.—*Briefs.*—*Presenting Record.*—*Waiver.*—Where appellant questions the answer, he should set it out in his brief, but the appellee's failure to call attention thereto constitutes a waiver, on its part, of the defect. p. 655.

6. APPEAL.—*Briefs.*—*Failure to Comply With Rules.*—*Waiver.*— The question of the failure of appellant to comply with the rules of the Appellate Court in presenting questions in his brief, must be presented at the earliest opportunity; and the filing of a brief on the merits constitutes a waiver of the defect. p. 656.

7. APPEAL.—*Briefs.*—*Rules.*—*Waiver.*—The Appellate Court may, in its discretion, refuse to consider alleged errors not properly presented in the appellant's brief. p. 657.

8. APPEAL.—*Rehearing.*—Questions not presented at the original hearing cannot be presented on rehearing. p. 657.

9. MASTER AND SERVANT.—*Electric Light Company.*—*Failure to Insulate.*—*Complaint.*—A complaint alleging that defendant electric light company negligently failed to insulate its wires, that it knew thereof and the plaintiff lineman did not, and that in performing his work the plaintiff was injured thereby, states a cause of action. p. 658.

10.—PLEADING.—*Answer.*—*Partial.*—A paragraph of answer, sufficient as to a part of the complaint, is bad, where it is addressed to the entire complaint. p. 658.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by Jefferson C. Raley against the Evansville Gas and Electric Light Company. From a judgment for defendant, plaintiff appeals. *Reversed.* (For opinion on motion to dismiss, see 43 Ind. App. 57.)

*Logsdon & Veneman,* for appellant.

*E. E. Stevenson, John B. Elam, James W. Fesler, Harvey J. Elam* and *DeBruler, Welman & DeBruler,* for appellee.

COMSTOCK, J.—This action was originally brought on February 14, 1903, in the Superior Court of Vanderburgh County, by appellant against appellee for personal injuries. Upon change of venue the case was tried in the Gibson Circuit Court, resulting in a judgment in favor of appellant. From this judgment the appellee herein appealed to the Appellate Court, where the judgment was reversed (*Evansville Gas, etc., Co.* v. *Raley* [1906], 38 Ind. App. 342). On January 10, 1907, appellant herein filed his amended complaint in the court below. A demurrer for want of facts to the same was overruled, and appellee filed its answer thereto in three paragraphs; the second and third setting up the statute of limitations. Appellant's demurrer was sustained to the second and overruled as to said third paragraph, and refusing to plead further, judgment was given against him.

The only question sought to be raised upon this appeal is the action of the court in overruling appellant's demurrer to said third paragraph of answer. Said answer sets out a copy of the original complaint, which is, in substance, as follows: That on August 22, 1902, and prior thereto, defendant corporation maintained an electric light and power plant in the city of Evansville, and controlled certain lines of wires suspended upon poles in the streets. These wires were used for furnishing light and power in said city, and for that purpose powerful currents of electricity, dangerous to human life, were passed through them. It is averred that defendant knew, when these wires were strung on the poles, that it would be necessary for its linemen to work in and

about the care and repair of said wires and poles, and that it was the duty of defendant to keep the wires safely and completely insulated, so that linemen, lawfully about them, should not be injured by contact therewith, but that defendant disregarded its duty, and negligently maintained said wires, and negligently failed to protect and cover said wires with safe and sufficient insulating material, and negligently permitted the covering used thereon to become defective and insufficient to render them safe to persons coming in contact therewith, all of which was unknown to plaintiff prior to his injury. It is further alleged that plaintiff was working as an employe of the defendant as a lineman, on the date mentioned, under the direction of a superior officer of defendant, and was directed by said officer to ascend a certain pole, at the intersection of two streets in said city, for the purpose of untying the wires from a glass insulator, preparatory to transferring them to a new pole, to be erected in the place of the old one; that defendant had negligently permitted the old pole to become defective, doty and rotten, to such an extent that it was dangerous for the linemen to climb or stand on it, all of which was unknown to the plaintiff; that defendant, long prior to the date mentioned, knew, or, by the exercise of proper diligence, should have known, that the electric light wires were insufficiently insulated, and that the pole was defective, doty, rotten and dangerous; that plaintiff ascended the pole in obedience to the order given, and while supporting himself thereon in the usual way, by sinking his climbing-spurs into the body of the pole, and while engaged in the act of carrying out his instructions, one of his spurs, by reason of the defective, doty, rotten and dangerous condition of said pole, broke and slipped from its hold, causing plaintiff involuntarily to reach out in an effort to support himself from falling, and to touch and come in contact with said wires, highly charged with electricity, as aforesaid, and by reason and on account of the defective and imperfect insulation thereof, as afore-

said, he received a current of electricity into his body, whereby he was greatly shocked, wounded, etc.

After setting out the original complaint, said answer continues: "And defendant says that the cause of action described and set forth in plaintiff's amended complaint herein is entirely and wholly different from the cause of action described in the foregoing original complaint, * * * and that the cause of action set forth in said amended complaint * * * did not accrue to the plaintiff within two years next before the filing of said amended complaint."

In the amended complaint allegations as to the defective condition of the pole are omitted, and there, for the first time, it is charged "that on or about August —, 1902, plaintiff entered into a contract of employment as lineman for the defendant, by and through the general superintendent of defendant; that by the terms of said contract of employment it was fully agreed and understood that plaintiff, in the discharge of his duties under said employment, at no time, would be required to handle or work with wires while the same were charged with a heavy or dangerous current of electricity; and that at any time when plaintiff would be required to handle or work with such wires of defendant, as were usually charged with a heavy or dangerous current of electricity, the current of electricity would be turned off by defendant while such work was being performed and until the same was completed; that plaintiff at that time, and at the time of the injuries hereinafter complained of, was wholly inexperienced in working with or handling wires while charged with a heavy or dangerous current of electricity, but relying wholly upon the representations and agreements of the defendant, as aforesaid, entered upon the discharge of his duties under said employment, and continued in such employment until August 22, 1902; * * * that at said time, and at the time of the happening of the injuries hereinafter mentioned, said defendant, in viola-

tion of the terms of said contract of employment, had wholly omitted, neglected and failed to turn off the powerful and dangerous current of electricity then passing through said wires, which fact was, at and prior to said time, to this plaintiff wholly unknown."

Outside of the omission before stated, and the foregoing additional averments set out in the amended complaint, it and the original contain substantially the same allegations.

"Generally speaking, an amendment to a complaint has relation to the time the complaint was filed, but this never occurs when such amendment sets up a title not previously asserted, and which involves the question of the statute of limitations." *Lagow* v. *Neilson* (1858), 10 Ind. 183, 185. See, also, *Blake* v. *Minkner* (1894), 136 Ind. 418, 422. If the amended complaint states a cause of action different from that in the original complaint, the judgment must be affirmed.

A cause of action may be said to be composed of the right of plaintiff and the obligation, duty or wrong of defendant. Anderson's Law Dict.

The matter is tersely stated in the case of *Reeder* v. *Sayre* (1877), 70 N. Y. 180, 26 Am. Rep. 567, as follows: "The real limitation to it seems to be that the amendment shall not bring in a new cause of action."

The following tests have been applied: It has been held that an amended complaint sets up a new cause of action (1) where the new allegation deprives the defendant of any defense he had to the original action; (2) where the evidence that would have proved the original complaint will not prove the new; (3) where the new allegations, if in reply, would have amounted to a departure; (4) where the amended complaint sets up a title not before asserted; and (5) where a judgment on the first complaint would be no bar to a judgment on the second or amended complaint.

Applying these tests to the averments of the answer before us, whichever conclusion might be reached would be supported by respectable authorities. The cause of action set out in the original complaint was the injury of appellant by the wrongful act or omission of appellee, to wit, the failure properly to insulate its wires. The amended complaint is between the same parties, relates to the same general transaction, the same place, charges the same injury to appellant, and the same neglect properly to insulate its wires. There is added to the charge of failure to insulate an affirmative act of negligence. Such additional charge is not the introduction of a new cause of action. *Cleveland, etc., R. Co.* v. *Bergschicker* (1904), 162 Ind. 108; *Central, etc., R. Co.* v. *Foshee* (1899), 125 Ala. 199, 27 South. 1006. It is an additional charge of negligence. The facts alleged in either complaint would bar another action for the same cause. This is sufficient. *Jeffersonville, etc., R. Co.* v. *Hendricks* (1872), 41 Ind. 48; *Terre Haute, etc., R. Co.* v. *Zehner* (1906), 166 Ind. 149; *Indianapolis St. R. Co.* v. *Fearnaught* (1907), 40 Ind. App. 333, and cases cited; *Mitchelltree School Tp.* v. *Carnahan* (1908), 42 Ind. App. 473. It follows that the court erred in overruling appellant's demurrer to the third paragraph of answer.

Judgment reversed, with instructions to sustain appellant's demurrer to said answer and for further proceedings in accordance with this opinion.

## ON PETITION FOR REHEARING.

RABB, J.—Appellee, in its petition for rehearing in this case, earnestly insists that it should be granted: (1) Because the court could not properly consider and decide any question in the case raised by appellant's assignment of errors, for the reason that appellant's brief failed to comply with the provisions of clause five of

rule twenty-two of the rules of this court, and (2) that the decision of the court upon the question presented is erroneous. The rule of this court referred to requires appellant in his brief to set forth a concise statement of so much of the record as fully presents the error relied upon for reversal.

The transcript in this case is very brief. The only question involved in the appeal is the sufficiency of the third paragraph of appellee's answer, and fully to present this question appellant should have set out in his brief the original complaint and the paragraph of answer to which the demurrer was addressed. This, he did not do, but referred to the transcript by page and line where it might be found, and then proceeded properly to state the points and authorities relied upon for reversal, and his argument to support it. Appellee filed its answer brief, in which it took up the questions presented by the assignment of errors, the points, authorities and argument of appellant, and discussed them on their merits, without in any manner making the point that the questions raised and discussed by appellant's assignment of errors and his argument were not properly before the court for decision, on account of appellant's failure to comply with any rule of the court. Long afterwards, appellee filed a motion to dismiss this appeal, for the reason that no question was presented by the record on account of the failure of appellant to comply with the rule of this court referred to. This motion was overruled, for the reason that it came too late. *Raley* v. *Evansville Gas, etc., Co.* (1909), 43 Ind. App. 57. We then held that the right to insist on the dismissal of an appeal on this ground was waived by appellee's filing an answer brief on the merits, and we now hold that an objection to the consideration of questions raised by the assignment, on 6. the ground that appellant's brief does not comply with the rules of this court, to be available, must be presented at the first opportunity, and that all such objections are waived by filing an answer brief on the merits.

The court may, in its own discretion, refuse to consider the questions that are not properly presented in appellant's brief, even though no objection to their consideration has been made by appellee on this ground; but so far as the right of the appellee to insist that they shall not be considered, it is waived by failure to make it at the proper time. The same rule of the court to which appellee appeals expressly provides that "no alleged error or point not contained in the statement of points, shall be raised afterwards * * * on petition for rehearing," and it has been held repeatedly by this court that questions not raised in the original brief presented by the parties, either appellant or appellee, will not be considered when raised for the first time on a petition for rehearing. *Underwood* v. *Sample* (1880), 70 Ind. 446; *Porter* v. *Choen* (1878), 60 Ind. 338; *Armstrong* v. *Hufty* (1901), 156 Ind. 606; *Haas* v. *City of Evansville* (1898), 20 Ind. App. 482.

Appellee insists that the court is in error in holding that the amendment to the original complaint as shown in the opinion did not introduce into the case a new cause of action, which was barred by the statute, and that the facts stated in the original complaint are insufficient to make out a case for appellant, as decided by this court on the former appeal (*Evansville Gas, etc., Co.* v. *Raley* [1906], 38 Ind. App. 342).

With reference to this last point, it is sufficient to say that the case when before this court on the former appeal was decided upon the evidence, not the pleadings, and it was then held that the evidence did not sustain the allegations of the complaint, and not that the allegations of the complaint were insufficient to state a cause of action.

It was charged in the original complaint, and is charged in the amended complaint now before us, to which appellee's third paragraph of answer is addressed, that appellee knew

and appellant did not know of the defective condition of the insulation of its wires, and of the rotten and doty condition of its poles, when it sent appellant, its servant, upon the rotten and doty pole to work among the defectively insulated electric wires, over which was passing a dangerous and deadly current of electricity. The court said, in passing upon the evidence: "Neither the employer nor employe knew the condition of the poles or wires." If the employer had known of the condition of the poles and wires, and the employe did not know of their condition, as averred in the complaint, and they were in the defective condition as therein alleged, and the employe was sent by the employer to work among the wires, under such circumstances, a different question would have presented itself.

There can be no serious question but that the complaint, to which appellee's third paragraph of answer is addressed, does state a good cause of action against appellee, regardless of all the new averments brought into the complaint by amendment, and without aid from them, and that appellant, if he proved all the facts originally averred, would be entitled to recover, though there was an entire failure on his part to prove any fact brought into the complaint by the amendment; and if it were conceded that appellee is right in its contention that, where a new act of negligence is brought into a complaint to recover damages resulting from negligence charged against a defendant, the statute of limitations will apply to the new act of negligence as of the date on which it was brought into the complaint by way of amendment; and if it were also conceded that the facts brought into the complaint in this case by way of amendment did state a new and independent act of negligence, an action for which was barred by the statute of limitations, still appellee's answer was bad. It undertook to answer the entire complaint, and was clearly bad as to those averments of the complaint which charged appellee with negligence in failing properly to in-

sulate its wires, and in sending appellant to work among such defectively insulated wires without notice. It is well settled by repeated decisions of the Supreme Court and of this court that an answer that purports to answer the entire complaint, and answers only a part, is bad. 2 Burns' Digest, 1729, and cases there cited on this subject.

Therefore, in any view that may be taken of this question, the action of the court in overruling appellant's demurrer to this paragraph of answer, was error.

Appellant's petition for rehearing overruled.