### BURKHART ET AL. v. MILLIKAN.

[No. 10,666.    Filed April 28, 1921.    Rehearing denied October 25, 1921.]

1. TAXATION.—*Tax Deeds.—Defects.—Burden of Proof.—Statutes.*—Tax deeds, when executed in conformity with the statute §10380 Burns 1914, Acts 1891 p. 199), are *prima facie* evidence of a good and valid title in fee simple, so that a party assailing the validity of a tax deed has the burden of proving any defect in the proceedings which will render the deed ineffectual and thus defeat the title of the grantee named therein. p. 484.

2. TAXATION.—*Tax Deeds.—Irregularities.—Burden of Proof.*— If the holder of a tax deed commences an action to quiet his title, the burden is on the defendant to show such irregularity in the proceedings as will defeat the tax title, but if the holder, instead of filing a complaint to quiet his title, files a complaint to foreclose the tax lien, such an action is an attack upon the validity of the tax deed and he must allege and prove facts sufficient to show that his deed is ineffectual to convey title.    p. 484.

3. TAXATION.—*Tax Sales.—Rights of Purchaser.—Statutes.*— Under §§10380, 10387 Burns 1914, Acts 1891 p. 199, and §10388 Burns 1914, Acts 1901 p. 366, a purchaser of land at a tax sale having received a deed is not given an option to take title to the property sold or to foreclose and enforce a tax lien, for, if the deed is valid, he takes title and there is no lien to foreclose.    p. 485.

4. APPEAL.— *Review.— Special Finding.— Presumptions.*— Presumptions and intendments are not available on appeal to support a special finding.    p. 485.

5. TAXATION.—*Tax Deeds.—Finding of Invalidity.—Sufficiency. —Enforcement of Tax Lien.*—A tax deed is not shown to be ineffectual to convey title so as to entitle the holder to maintain an action to foreclose the tax lien by a finding that the owner of

the realty had sufficient personal property in the county, on a given day, to pay the taxes, there being no showing that such property was present in the county for a time sufficient for the collection of the taxes.  p. 485.

6.  TAXATION.—*Tax Deeds.*—*Holder's Admission of Invalidity.*—*Right to Enforce Tax Lien.*—*Admission.*—The holder of a tax deed can not by mere admission that it is invalid, establish that fact and thus become entitled to foreclose the tax lien given; an admission being a statement of a fact against the interest of the party making it.  p. 486.

7.  LIMITATION OF ACTIONS.—*Amended Complaint.*—*New Cause of Action.*—*Statute of Limitations.*—An amendment to a complaint relates back to the time of the commencement of the action, and it is only where a new and independent right of action is brought that time is measured, with reference to the running of the statute of limitations, from the filing of the amended complaint.  p. 486.

8.  LIMITATION OF ACTIONS.—*Complaint.*—*Amendments.*—*Character of.*—*Former Adjudication.*—*Running of Statute of Limitations.*—Where an adjudication on the original complaint would bar an action on the matter set up in an amendment, or *vice versa*, the amendment relates back to the date of the commencement.  p. 486.

9.  LIMITATION OF ACTIONS.—*Complaint.*—*Amendments.*—*Running of Statute of Limitations.*—Where, in an action by the holder of a tax deed, the original complaint asserted a lien on the property and prayed foreclosure thereof, an amendment, filed two years thereafter which set up the owner's ineffectual attempts to redeem and admitting that the tax deed was invalid for the reason that the owner's personalty had not been exhausted to satisfy the tax claim, related back to the original complaint, so that the limitations against proceedings by the holder were tolled by the filing of the original complaint.  p. 487.

From Cass Circuit Court; *John S. Lairy*, Judge.

Action by Frank M. Millikan against George Burkhart and others.  From a judgment for plaintiff, the defendants appeal.  *Reversed.*

*James A. West* and *Rabb, Mahoney & Fansler*, for appellants.

*Long, Yarlott & Souder* and *Myers, Gates & Ralston*, for appellee.

McMahan, J.—Complaint by appellee to foreclose a tax lien. Appellants filed an answer (1) in denial and (2) setting up the fifteen-year statute of limitation. The court found the facts specially and stated its conclusions of law in favor of appellee. The errors assigned are that the court erred in its conclusions of law.

The facts as found, briefly stated are that: On March 1, 1894, 1895, 1896, 1897 and 1898, there were assessed and charged in the name of George Burkhart taxes against certain land in Cass county described in the complaint. Appellant Rosetta was during said years, and still is the wife of appellant George Burkhart, who hereafter will be referred to as appellant. On April 1, 1898, appellant owned and had sufficient personal property in said county to pay all of said taxes for the years 1894 to 1897, amounting to $141.73 and the current tax for 1898, amounting to $39.91. These taxes not being paid, said real estate was returned delinquent. The auditor thereafter made out a list of the lands and lots which were delinquent, which included appellant's land, and certified the same to the treasurer, who on February 13, 1899, after having advertised the same as required by law, sold said land to appellee and issued to him a certificate of sale. There was no redemption from this sale, and on August 10, 1901, the auditor of said county issued a conveyance to appellee in the form prescribed by the statute, the same being properly acknowledged, and witnessed and attested by the county treasurer; that appellee subsequently paid other taxes and assessments on said land which are fully set out.

It was then found that on February 11, 1916, appellee filed his complaint herein, alleging the facts as above found (except that it contained no allegation that appellant had any personal property) ; that said taxes were liens against the real estate; that the money so paid by appellee was applied to pay said taxes; that they had not

been repaid to appellee and that he held a lien therefor upon said real estate and asking for a decree of foreclosure; that summons in this action was served on appellants February 12, 1916; that a second paragraph of complaint was filed December, 1916.

The only difference between the first and second paragraphs being that the second paragraph alleged that appellant more than two years after the date of the tax sale attempted to redeem therefrom by paying a sum of money to the treasurer, which redemption appellee refused to acknowledge; that thereafter appellee demanded and received a tax deed, which he admits is ineffectual to convey title for the reason that the personal property of appellant had not been exhausted. This paragraph was amended in February 1918, and as then amended is the second paragraph of complaint in the record and on which the cause was tried.

Upon these facts the court concluded as a matter of law, (1) That appellee had a lien for the amount he had paid with interest and that such lien should be foreclosed, (2) that the lien was not barred by the fifteen-year statute of limitation.

A decree having been rendered in accordance with the conclusions of law, appellants appeal and here contend that the court erred in each of its conclusions.

Section 10380 Burns 1914, Acts 1891 p. 199, provides that a tax deed when executed in the form prescribed and according to statute, is *prima facie* evidence of the regularity of the sale, of all prior proceedings and of a good and valid title in fee simple in the grantee named in the deed.

Section 10387 Burns 1914, Acts 1891 p. 199, provides that no tax sale shall be valid if at the time of being listed the land is not subject to taxation, or if liable, the taxes have been paid, or if the description is so imperfect as to fail to describe the land with reasonable cer-

tainty, in which case the money paid by the purchaser with interest shall be refunded on order of county auditor.

Section 10388 Burns 1914, Acts 1901 p. 366, provides that: "If any conveyance for taxes shall prove to be invalid and ineffectual to convey title because the description is insufficient, or for any other cause than the first two enumerated in the preceding section, the lien which the state has on such lands shall be transferred to and vest in the grantee, his heirs and assigns, who shall be entitled to recover from the owner of such land * * * the amount of taxes, interest and penalty legally due thereon at the time of such sale, with interest * * * and such lands shall be bound for the final payment thereof."

1. Tax deeds when executed in conformity with the statute are *prima facie* evidence of a good and valid title in fee simple in the grantee. A party assailing the validity of a tax deed has the burden of proving any defect in the proceedings, which will render the deed ineffectual and thus defeat the title of the grantee named therein. *Knotts* v. *Zeigler* (1914), 58 Ind. App. 503, 106 N. E. 393.

2. If the holder of a tax deed commences an action to quiet his title, the burden is on the defendant to show such irregularity in the proceedings as will defeat the tax title. However, if the holder of such deed, instead of filing a complaint to quiet his title, files a complaint to foreclose the tax lien, he then is attacking the validity of the tax deed and must allege and prove facts sufficient to show that such deed is ineffectual to convey title. He who claims that a tax deed does not convey title has the burden of proof. It makes no difference whether he is plaintiff or defendant.

A purchaser of land at a tax sale having received a deed is not given an option to take title to the property

sold or to a right to foreclose and enforce a lien.

3. He takes that which the statute gives him. If the deed is valid he takes the title. If the deed conveys the title there is no lien to foreclose. By such sale the taxes are paid and the lien discharged.

Keeping in mind that presumptions and intendments are not available to support a special finding, let us examine the facts as found by the court and see

4. whether sufficient facts are found so that we can say as a matter of law that appellee's tax deed is ineffectual to convey title.

The court finds that on April 1, 1898, appellant owned and had sufficient personal property in Cass county to pay the delinquent taxes on the land for the years

5. 1895 to 1897. There is no finding that he owned or had such property in Cass county on any day other than April 1, 1898. We do not know whether he was or was not a resident of that county. He may have resided in some other county and on that one day may have had sufficient personal property in the county out of which the taxes might have been made, but he may have had no personal property in the county the day before, or at any time after April 1, 1898. Suppose appellee had filed a complaint to quiet title to the real estate, and appellant had proven that he resided in another county and that on that day he had taken some cattle and horses into Cass county and turned them into pasture on the land owned by him in Cass county, and on that day or the next day had discovered that the pasture was too short, and he had then taken his stock out of the county after it had been there the one day. Could he under such state of facts have defeated the tax deed? We think not. If there was evidence that would have justified the court in finding that appellant had any personal property in the county on any other day than April 1, it is only fair to presume he would have

so found, and not having so found the facts, we must presume that the evidence was not sufficient to have justified such a finding. It may be said that the court having found that he had personal property in the county on a certain day, we should presume that such a condition continued to exist. The answer to this, however, is that we are not dealing with presumptive evidence arising from facts proven. We are dealing with a special finding where presumptions are not proper. The trial court was in position to have given full weight to all proper presumptions and inferences, if any there were. We hold that the facts found are not sufficient to render the tax deed ineffectual to convey title.

Appellee argues that since he in his complaint admits that the deed was invalid, no further proof of its invalidity was necessary. An admission, however, as we understand the term, is the statement of a fact against the interest of the party making it. *Wasey* v. *Travelers' Ins. Co.* (1901), 126 Mich. 119, 85 N. W. 459; 1 Ency. of Evidence 357.

Appellants contend that appellee's cause of action is barred by the fifteen-year statute of limitation. Their theory is that appellee's complaint filed February 11, 1916, stated no cause of action and was not sufficient to toll the statute of limitation against, either an action to enforce the tax lien or to quiet title to the land, and that the amended complaint not being filed within fifteen years from the time when the cause accrued, that the court erred in holding the statute had not run.

The rule is that an amendment to a complaint relates back to the time of the commencement of the action. It is only where a new and independent right of action is brought in that the time is measured from the filing of the amended complaint. *Oolitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 91 N. E. 944.

If an adjudication on the original complaint would bar an action on the matter set up in the amendment, or *vice versa,* then the amendment relates back to the date of the commencement of the action; otherwise it does not. *Mitchelltree School Tp.* v. *Carnahan* (1908), 42 Ind. App. 473, 84 N. E. 520.

We hold that had the court rendered a final decree on the original complaint that it would have been a complete bar to the cause set forth in the amended complaint. There was therefore no error in the second conclusion of law. The judgment must, however, be reversed because of error in the first conclusion of law.

Judgment reversed with instructions to grant the parties a new trial and for further proceedings consistent with this opinion.