## BEEMER *v.* STATE OF INDIANA.

[No. 24,564. Filed April 7, 1925.]

1. STATUTES.—*Title of prohibition act of 1917 sufficient to cover nuisance.*—The title of Acts 1917 p. 15, entitled "An Act prohibiting the manufacture, sale, gift, advertisement or transportation of intoxicating liquor except for certain purposes and under certain conditions," is sufficient to cover a prohibition of maintaining a nuisance where liquors are sold or drunk on the premises. p. 96.

2. INTOXICATING LIQUORS.—*Instruction in prosecution for maintaining nuisance that presence of liquor does not support charge, is proper.*—In a prosecution for maintaining a common nuisance where intoxicating liquors are sold and persons are permitted to resort to drink intoxicating liquor, an instruction was erroneously refused which charged "that the mere finding of intoxicating liquors in a room or place, would not of itself render such room or place a common nuisance." p. 97.

3. CRIMINAL LAW.—*Instructions on circumstantial evidence held erroneously refused.*—An instruction is erroneously refused which charges the jury to the effect that the true test of the sufficiency of circumstantial evidence to prove guilt is whether the circumstances established by the evidence are of so conclusive a character, and point so unerringly to the guilt of the accused as to exclude every reasonable hypothesis of innocence. p. 98.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Frank A. Beemer was convicted of a violation of the prohibition law, and he appeals. *Reversed.*

*Walterhouse & Miller,* for appellant.

*U. S. Lesh,* Attorney-General, and *Ethan A. Miles,* for the State.

EWBANK, J.—Appellant was convicted of violating §20 of the Prohibition Law (Acts 1917 p. 15, §8356t Burns' Supp. 1921). The affidavit charged that on May 14, 1923, at Delaware county, State of Indiana, he did then and there unlawfully maintain and assist in main-

taining a common nuisance, to wit: a room and place where intoxicating liquors were then and there sold, bartered, given away, manufactured and delivered in violation of the laws of the State, and where persons were then and there permitted to resort for the purpose of drinking said intoxicating liquors as a beverage, and that he then and there kept intoxicating liquors in and used the same in maintaining said room and place. Appellant filed a motion to quash the affidavit for the alleged reason that the facts stated therein do not constitute a public offense, and assigns as

1. error the action of the trial court in overruling this motion, saying that the statute above cited is unconstitutional, by reason of the title being defective. This court has decided that question adversely to appellant's contention. *James* v. *State* (1919), 188 Ind. 579, 582, 125 N. E. 211; *Schmitt, Supt.,* v. *F. W. Cook Brewing Co.* (1918), 187 Ind. 623, 634, 120 N. E. 19, 3 A. L. R. 270; *Alyea* v. *State* (1925), *post* 364, 147 N. E. 144. No other reason for holding the affidavit insufficient is suggested by counsel, and we perceive none. The court did not err in overruling the motion to quash.

Appellant filed a motion for a new trial, specifying as reasons that the trial court erred in giving certain instructions and in refusing to give certain others that were asked, and that the verdict is not sustained by sufficient evidence and is contrary to law. The evidence which tended most strongly to sustain the verdict was as follows: That appellant was operating and for some years had kept and operated a small restaurant and lunch stand in a room which formerly was used as a saloon, where intoxicating liquor had been sold under a license before the prohibition law was enacted; that he had taken away the brass foot rail from outside the bar, and had provided stools on which his customers sat while eating food served to them on the "bar," or

counter; that he sold soup, chile and other food, and soft drinks there; that the counter was in a room with a glass front that opened off the street, and there was a back room in which the soup was made, and a door opened into the rooms in which his family lived; that seven policemen, with a search warrant, found a pint bottle half full of "white mule whisky" in the bread box at the end of the counter farthest from the street door, and two small glasses "that had whisky in them" on a bench nearby, being such glasses as a witness testified whisky used to be sold in; that the officers also found a pint bottle of "white whisky" which was intoxicating, in a bureau drawer in appellant's bedroom adjoining a small room containing tables and chairs that opened into the restaurant, that they also found back there a large number of bottles (including one barrelful), many glass jugs and quite a number of half gallon fruit jars, many, if not all of which had contained white whisky; that a man with whisky was arrested at the back door of this place. And a number of witnesses testified, without objection, that appellant's place had the reputation of being one where intoxicating liquor was sold. There was no direct evidence of any violations of the law in appellant's restaurant, the state relying on the circumstances proved.

Appellant asked an instruction to the effect that the burden was upon the state to prove the facts as alleged in the affidavit, and "that the mere finding of 2. intoxicating liquors in a room or place, would not of itself render such room or place a common nuisance." The court refused to give this instruction, and did not give any embracing that part which is in quotation marks. This was error. The instruction correctly declared the law on a point as to which appellant was entitled to have the jury advised.

Appellant also asked an instruction, which the court refused to give, to the effect that the true test of the sufficiency of circumstantial evidence to prove the defendant guilty is whether the circumstances established by the evidence are of so conclusive a character, and point so unerringly to the guilt of the accused as to exclude every reasonable hypothesis of his innocence. Such an instruction should have been given, as requested. *Robinson* v. *State* (1919), 188 Ind. 467, 471, 124 N. E. 489.

Appellant also complains of the giving of certain instructions, but his brief is not so prepared as to present any questions for consideration in relation thereto. Since the cause must be tried again it is not deemed advisable to express an opinion as to the sufficiency of the evidence. But see *Shacklett* v. *State* (1924), 195 Ind. 436, 145 N. E. 554, and *Brown* v. *State* (1925), *ante* 77, 147 N. E. 136, as to the probative value of the reputation of a place kept by the accused. For error in refusing to give the instructions asked the judgment must be reversed.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.