### WILLISTON CONSTRUCTION COMPANY *v.* HUGHES.

[No. 12,995. Filed June 26, 1928.]

*Verne G. Cawley,* for appellant.

*Forrest E. Hughes* and *Ethan L. Arnold,* for appellee.

REMY, C. J.—Suit by appellee against appellant and others, not parties on appeal, to quiet title to certain real estate located in the city of Elkhart. Appellant sought by answer and cross-complaint to establish certain liens based upon tax sale certificates issued to it for delinquent street paving and sewer assessments.

On the trial of the cause, the court, at the request of appellant, found the facts specially. Briefly stated, the facts found are as follows: On May 27, 1919, the city of Elkhart, through its proper officers, let a contract for the paving of Edwardsburg avenue, a street of the city abutting the real estate in controversy; the assessment levied against the lot for the improvement not having been paid when due, the lot was, on July 19, 1924, sold to appellant to satisfy the assessment lien, appellant receiving a tax-sale certificate; likewise, on April 14, 1922, the city of Elkhart let a contract for the construction of a sewer in Michigan street, another street abutting on the lot in question; the sewer was constructed and an assessment levied against the lot for that improvement; the assessment having become delinquent, the lot was, on April 3, 1923, sold to Frank J. Miller, who was also given a tax-sale certificate which he assigned to appellant; thereafter, the general taxes levied against the real estate for the years 1922 and 1923 not having been paid when due, the lot was, on February 11, 1924, sold

to satisfy such taxes, the sale being made to Wilbur F. Hughes, appellee herein, to whom was issued a tax-sale certificate; there was no redemption from this tax sale, and on June 21, 1926, the county auditor executed and delivered to appellee a tax deed for the lot; on July 12, 1924, the owner of the record title to the real estate conveyed to appellee by quitclaim deed any interest he might have had therein; that neither the assessments for improvements nor the taxes for which the real estate was sold at the tax sale were at any time paid other than by the sale of the real estate at the tax sales; and that each of the tax sales and all of the proceedings prior thereto were held and conducted in accordance with the laws of the state of Indiana then in force.

The court stated its conclusions of law to the effect that the law was with appellee on the issues formed by the complaint and answers thereto, and against appellant on his cross-complaint; that appellee was entitled to have his title quieted, and rendered judgment accordingly.

The one question presented by this appeal is: Did the tax deed executed and delivered to appellee by the county auditor vest in him the title to the real estate free of any claim of appellant as holder of the tax-sale certificates previously issued upon sale of the real estate for delinquent street and sewer assessments?

Section 283 of the Tax Act of 1919 (Acts 1919 p. 198, §14325 Burns 1926) provides:

"If no person shall redeem the lands sold for taxes within two years from the date, at the expiration thereof and on production of the certificate of purchase, . . . the auditor of the county in which the sale of such lands took place shall execute to the purchaser, his heirs or assigns, in the name of the state, a conveyance of the real estate so sold, which shall vest in the grantee an absolute estate in fee simple, subject, however, to all the claims

which the state may have thereon for taxes or liens or incumbrances."

It is the earnest contention of appellant that his claims, as owner of the tax-sale certificates issued upon sale of the real estate to satisfy the delinquent street and sewer assessments, are "liens and incumbrances in favor of the state," within the meaning of the above statute, and that appellee's tax title is subject thereto. We do not concur in that view. If it could be said that the street and sewer assessments levied by the city of Elkhart are liens in favor of the state, a question we do not decide, it does not follow that the tax certificates are such liens.

The court found specially that the tax sales instituted to collect the delinquent assessments were in all things in accordance with the law; if so, the sales were valid, and the lien in each case was satisfied. *Burkhart* v. *Millikan* (1921), 76 Ind. App. 480, 130 N. E. 837. Appellant became the owner, not of the liens, but of the tax-sale certificates which, when issued, evidenced the sum paid by appellant, or the sum to be returned to him if the real estate should be redeemed; if there was no redemption, then each certificate carried with it the right to a tax deed and the right to redeem from the sale of the real estate to satisfy delinquent general taxes. If the tax sales had not been conducted in accordance with the law, then the assessment liens would, of course, have remained unsatisfied. See *Dixon* v. *Thompson* (1912), 52 Ind. App. 560, 98 N. E. 738. As authority to the contrary, appellant cites *City of Indianapolis* v. *City Bond Co.* (1908), 42 Ind. App. 470, 84 N. E. 20. In that case, the city of Indianapolis, the immediate grantee of Carrie H. Latta, did not plead the tax deed as a defense to the City Bond Company's cross-complaint for foreclosure of the improvement lien; that being true, it necessarily follows that what the court

said as to the assessment lien not being extinguished by the tax deed, and that the statute which declares that a tax deed shall vest in the grantee an absolute estate in fee simple, "defines the quality of the estate and does not release it from valid incumbrances," is mere *dictum*. Moreover, this statement of the court does not meet our approval.

We hold that the tax-sale certificates issued upon the sales of the real estate for delinquent street and sewer assessments were not liens and incumbrances in favor of the state, and that the court did not err in its conclusions of law.

Affirmed.

Dausman, J., absent.