Busch *v.* State of Indiana.

[No. 13,621. Filed March 26, 1929. Rehearing denied July 6, 1929. Transfer denied January 29, 1931.]

*J. T. Walterhouse* and *Thomas V. Miller*, for appellant.

*Arthur L. Gilliom* and *James M. Ogden*, Attorney-Generals, *Samuel R. Artman*, Assistant Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

McMAHAN, P. J.—Appellant was convicted of maintaining a common nuisance in violation of §20, ch. 4, Acts 1917 p. 25. The error relied upon for reversal is the overruling of the motion for a new trial.

The specifications in the motion for a new trial allege that the verdict of the jury is contrary to law, that it is not sustained by sufficient evidence, error in giving and in refusing to give certain instructions, and the overruling of challenges to certain jurors.

Arthur Jones, chief of police of the city of Muncie, testified, in substance, as follows: On the evening of February 19, 1923, he, in company with officers Cunningham, Goodpasture and Bennington, visited appellant at his home; told him they had a search warrant and had come to look his place over; he said he had a little stuff in the basement; that the search warrant was read, after which they went to the basement; he (appellant) told witness he was making a little stuff for himself; on way down stairs, he said he had some wine; he had a 10-gallon keg full of "white mule" and a 10-gallon keg full of "red mule"; he wanted us to taste it; we tasted it; it was whisky; found two or three gallon bottles of whisky in addition to that in the kegs; found a 15-gallon still, made out of a copper wash boiler; the still was warm and there was whisky dripping from the spigot; found 35 gallons of wine; 150 pounds of sugar, and about a dozen, empty bottles; the wine was intoxicating; there was also

a hose, a sink and a stove. The things described, except some wine and some of the bottles, were in a room about 15 feet by 20 feet, which was locked. The testimony of the other three officers as to finding the still, the whisky and wine, was, in substance, the same as the testimony of officer Jones. One of them testified that appellant asked them not to take the still, saying it was his wife's wash boiler.

Appellant testified that he told the officers he had some wine, that the room in which the still was found had been rented to Harry Rousch, who lived at Fort Wayne, and to whom he rented that one room in the basement about a month previous to the time the officers made the search; that he did not know the still was there or that any whisky was there until the officers found it; that he did not make the liquor and didn't know anybody else did. He denied ownership of any of the property or that he told the officers that the still or boiler was his. He also told of the movements of Rousch, saying he came to the house about once a week and that he had left the house about a half hour before the officers came.

The section of the statute under which appellant was convicted provided, among other things, that any room, house or place of any kind where intoxicating liquor was sold, manufactured, bartered or given away in violation of law was a common nuisance, and any person who maintained or assisted in maintaining the same was guilty of a misdemeanor, and, upon conviction, should be fined and imprisoned.

The evidence was ample to sustain a finding that appellant was maintaining a place where intoxicating liquor was being manufactured in violation of the laws of this state. It is not necessary in a case like the present to prove that the defendant sold, bartered or gave any of the liquor to any person. The manufacture of the same is sufficient to sustain a verdict.

The contention that the verdict is contrary to law and that it is not sustained by sufficient evidence cannot prevail. *Beemer* v. *State* (1925), 196 Ind. 95, 147 N. E. 276; *Manley* v. *State* (1925), 196 Ind. 529, 149 N. E. 61, and other cases cited by appellant are not in point.

Without setting out the one instruction given, to which objection is made, and the instructions tendered and refused, it is sufficient to say that the one given correctly states the law and is not subject to the objections urged, and the instructions refused, in so far as they correctly state the law, were covered by those given.

Referring to the tendered instruction to the effect that circumstantial evidence "must be of such cogency and force as to exclude every hypothesis except the single one of the defendant's guilt," the correct rule is that it must be such as to exclude every *reasonable* hypothesis inconsistent with the defendant's guilt. *Reynolds* v. *State* (1897), 147 Ind. 3, 46 N. E. 31; *Robinson* v. *State* (1919), 188 Ind. 467, 124 N. E. 489. The instruction as tendered did not correctly state the law.

Appellant next contends the court erred in overruling his challenge to certain jurors. The testimony and facts developed on the *voir dire* examination of these jurors are not set out in the brief. A mere reference to the place in the record where such testimony can be found is not sufficient. There was no error in overruling the motion for a new trial.

Judgment affirmed.

ON PETITION FOR REHEARING.

McMAHAN, C. J.—Appellant insists we erred in holding that the evidence given on the *voir dire* examination of the jurors was not set out in his brief. Appellant, in

the preparation of his brief, pursuant to Rule 22, stated: (1) the nature of the action; (2) the issues; (3) how the issues were decided and the judgment; (4) errors relied upon for reversal; and (5) the part of the record wherein he is presumed to state so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript. In the statement of the record, pages 71, 72 and 73 of his brief, appellant states that the bill of exceptions containing the examination of the jurors on their *voir dire* was filed, and that the record of the filing, and the bill are in the record at pages 59 to 132. Under the subhead, "Examination of Jurors," is the name "Ella McBride, R. p. 75. L. to L. 1. R. P. 77, L. 24." A like statement is made as to eight other persons, with a statement that his challenge for cause to each of these persons as jurors was overruled and an exception saved. All of the instructions given and refused are then set out. This is followed by a recital of the evidence given on the trial. Then follows the several errors relied on, with points and authorities to support them.

Points 7 and 8 relate to the overruling of appellant's challenge to two prospective jurors, with a statement of "part" of the examinations of each, with a statement of the judge as to why the sheriff was directed in advance of the trial to have a number of prospective jurors on hand in anticipation of challenges when the case was called for trial. Without so deciding, it may be conceded that the correctness of such rulings is presented by appellant's brief and that the court erred in overruling appellant's challenge to each of these two jurors. But it does not follow that the question is presented by the record. It is well settled that this court may search the record to affirm, and we know of no reason why we may not search the record to sustain the action of the court in affirming the judgment when the

appellant has filed a petition for a rehearing. Appellee, by the Attorney-General, in its brief in opposition to a rehearing, calls attention to the fact that the clerk, at the direction of appellant, incorporated in the transcript the original bill of exceptions containing the *voir dire* examination of the jurors, instead of a copy of such bill, and insists that the testimony of the several jurors and the proceedings relating to the empaneling of the jury are not in the record. We have given this question careful consideration, and, on authority of *Mitchell, Exr.,* v. *Beissenherz* (1922), 192 Ind. 587, 135 N. E. 885, we hold that the evidence and proceedings relating to the empaneling of the jury are not in the record, and that the correctness of the court's action in overruling appellant's challenge to the jurors is not presented by the record. Appellant, however, contends that appellee, by failing to point out and call attention to the condition of the record, in its original brief on the merits, waived such defect in the record and that it cannot, on rehearing, rely on such defect. *Raley* v. *Evansville Gas, etc., Co.* (1910), 45 Ind. App. 649, 90 N. E. 783, is cited in support of this contention. In that case, the judgment was reversed, and, in support of its petition on rehearing, the appellee insisted that the court could not properly consider and decide any question raised by appellant's assignment of error because of a failure to comply with the rules of the court relating to the preparation of his brief. In that case, the appellee, after a reversal, was insisting that a rehearing should be granted and the judgment affirmed because of a defective brief. In that case, the appellee, having filed a brief on the merits and having made no objection to the form of the appellant's briefs, it was held the defects had been waived and could not be raised for the first time on rehearing. In the instant case, the judgment has been affirmed and the appellant is asking for a rehearing. This court, with or without a sugges-

tion by appellee, has a right to search a record in order to affirm, and, having affirmed the judgment, we have the right to search the record to sustain such action.

Rehearing denied.